Paul W. Moncrief, Esq. SBN 204239
JOHNSON & MONCRIEF, PLC
295 S. Main Street, Suite 600
Salinas, California  93901
Telephone:  (831) 759-0900
Facsimile:   (831) 759-0902

Attorneys for Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) CASE NO. 10-59704 |
| | ) |
| DENNEY FARMS, a California Limited Partnership, | ) Chapter 11 |
| | ) |
| | ) Place:   280 South First Street, Room 3035 |
| Debtor in Possession. | )              San Jose, CA 95113-3099 |
| | ) |
| Tax ID #:   77-0306850 | ) Judge:  Weissbrodt |
| Address:    72120 Jolon Road | ) |
|                    Bradley, CA  93426 | ) |
| | ) |

**APPLICATION TO EMPLOY BANKRUPTCY COUNSEL; DECLARATION AND STATEMENT OF COMPENSATION AND CONNECTIONS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

  DENNEY FARMS, a California Limited Partnership ("Debtor"), hereby respectfully requests authority, pursuant to Section 327(a) of the Bankruptcy Code and BR 2014, to employ Johnson & Moncrief, PLC, 295 S. Main Street, Salinas, California 93901 ("Applicant"), as bankruptcy counsel during the pendency of the Chapter 11 case as follows:

  1.  An Order for relief under the Bankruptcy Code has been entered for the above-named Debtor.

  2.  Debtor desires to employ Johnson & Moncrief, PLC because of the experience and knowledge of Johnson & Moncrief's members and associates in the field of bankruptcy,

insolvency, litigation and debtor's and creditors' rights. Debtor believes that Johnson & Moncrief, PLC and its attorneys are well qualified to provide representation in this case.

### SERVICES TO BE RENDERED

3. It is necessary and essential that the Debtor employ Johnson & Moncrief, PLC because of the extensive legal services required for this estate. These services include, but are not limited to, the following:

    a. Take all necessary action to protect and preserve the estate, including, if required by the facts and circumstances, the prosecution of actions and adversary or other proceedings on the estate's behalf; the defense of any actions and adversary or other proceedings against the estate; negotiations concerning all disputes and litigation in which the estate is involved, and, where appropriate, the filing and prosecution of objections to claims filed against the estate;

    b. Prepare on behalf of the estate, all necessary applications, motions, answers, orders, briefs, reports and other papers in connection with the administration of the estate;

    c. Develop, negotiate and promulgate a plan;

    d. Assist Special Counsel, if any, in rendering services for benefit of the estate; and

    e. Perform all other legal services requested.

4. Attached hereto and incorporated herein by reference, is a listing of the connections, if any, of Johnson & Moncrief, PLC with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants. Said Statement also describes the source of compensation as to the retainer paid and sharing arrangements, if any.

### COMPENSATION PROCEDURES

5. By this Application, Debtor seeks authority to allow Johnson & Moncrief, PLC to hold the retainer received that was in existence on the date of the petition to be applied to the final allowance, unless otherwise ordered, as has been allowed in numerous other Chapter 11 cases including *In re Insilco Technologies, Inc.*, 291 B.R.10 628 (Bankr. D. Del. 2003) and *In re*

Application to Employ Bankruptcy Counsel; Statement of Compensation and Connections
2
*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

Case: 10-59704    Doc# 14    Filed: 10/05/10    Entered: 10/05/10 11:29:51    Page 2 of 7

*CTC Communications Group, Inc.*, No. 02-12873 (Bankr. D. Del. 2002) (order granting employment of attorneys).

6. The following schedule sets forth the customary hourly rates charged by Applicant prevailing as of the date of this Application:

| Professional | Hourly Rate |
| --- | --- |
| Paul W. Moncrief | $315.00 |
| Paul Hart | $315.00 |
| Daniel E. Griffee | $275.00 |
| David S. Henshaw | $195.00 |
| Paralegals | $150.00 |

Rates are subject to periodic revision upon notice to the client.

7. Applicant has not agreed to share any compensation for services rendered or to be rendered in any capacity in connection with this case between Applicant and any other entity, except among Applicant's personnel.

8. Applicant's charges for its professional services are based upon the time and labor required, the difficulty of the issues involved, the skill requisite to perform the legal service properly, the preclusion of other employment, time limitations imposed by the circumstances and the experience and ability of Applicant.

9. The Debtor seeks to employ Applicant on an hourly basis.

10. In accordance with the U.S. Trustee Fee Guidelines, Applicant will file monthly with the U. S. Trustee a copy of Applicant's monthly invoice with respect to fees for professional services rendered to the Debtor (the "Professional Fee Statement"), and for reimbursement of expenses incurred on behalf of the Debtor and will serve copies of the Professional Fee Statement upon the Debtor, the U. S. Trustee, and all other required parties, and those parties that request special notice in the Debtor's case. If no objection to the Professional Fee Statement is filed and served within ten (10) calendar days after service of the Professional Fee Statement, the Debtor shall pay the amount of fees and costs represented by that monthly invoice without further notice, hearing or order of the Court. If a written objection to Applicant's monthly invoice is filed by a party-in-interest within the required time period, the Debtor shall refrain from paying the disputed portion of the fees and expenses, or if such portion cannot be determined, then the

Application to Employ Bankruptcy Counsel; Statement of Compensation and Connections
3
*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

Case 10-59704    Doc# 14    Filed: 10/05/10    Entered: 10/05/10 11:29:51    Page 3 of 7

Debtor shall refrain from paying the entire invoice until the Court has resolved the objection. If appropriate, approximately every three (3) months Applicant will file and serve an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to such monthly payment procedure.

11. Applicant will apply to the Court for compensation in conformity with Bankruptcy Code Sections 328, 330 and 331 and understands that its compensation will be subject to the approval of the Court. All funds paid by the Debtor to Applicant pursuant to the monthly payment procedure will be subject to final allowance by the Court.

12. At the conclusion of his case, Applicant will file an application seeking final allowance of all fees and expenses, regardless of whether interim compensation has been paid to Applicant. Upon allowance of such fees and costs, the Debtor will pay Applicant the difference between the amounts allowed and any interim compensation paid to Applicant, less the retainer then on hand.

13. The professional services that Applicant renders on behalf of the Debtor shall be compensated pursuant to Sections 330 and 331 of the Bankruptcy Code.

14. Based on this Application, the annexed Declaration and Statement of Compensation and Connections, it is asserted that Johnson & Moncrief, PLC holds no interest adverse to this estate and is a disinterested person within the meaning of 11 U.S.C. § 327.

WHEREFORE, Debtor prays for authorization to employ Johnson & Moncrief, PLC for performance of the services as described herein and prays that the Court grant such other relief as is just.

Dated: October 4, 2010

JOHNSON & MONCRIEF, PLC

_____
Paul W. Moncrief, Attorney for
Debtor in Possession

///

///

///

Application to Employ Bankruptcy Counsel; Statement of Compensation and Connections
4
In Re Denney Farms, a California Limited Partnership
Case No. 10-59704

Case: 10-59704    Doc# 14    Filed: 10/05/10    Entered: 10/05/10 11:28:51    Page 4 of 7

**DECLARATION IN SUPPORT OF EMPLOYMENT AND CONNECTIONS**

I, Paul W. Moncrief, declare as follows:

I am an Attorney at Law admitted to practice before this Court and all Courts of the State of California. I am a member of Johnson & Moncrief, PLC.

My office is located at 295 S. Main Street, Salinas, California 93901.

I met with and discussed this Application and the bankruptcy case with the Debtor. I also reviewed the attached Application, and the Statement of Compensation and Connections, which I prepared and which is incorporated into this Declaration by reference, and the Statement of Affairs and Petition filed by Debtor. On the basis of this review, I made the disclosures regarding fees in said Statement, I know of no connection with Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the United States Trustee's Office except as disclosed herein.

I so declare this 4 day of October, 2010 at Salinas, California.

_____
Paul W. Moncrief

Application to Employ Bankruptcy Counsel; Statement of Compensation and Connections
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

# STATEMENT OF COMPENSATION AND CONNECTIONS

1. Source of Compensation

Counsel will be paid from the assets of the estate. A retainer has been received and Applicant has a security interest in the retainer.

2. Sharing Arrangements

Johnson & Moncrief, PLC has not shared nor agreed to share any compensation with any other person, except within the law firm.

3. Connections

   i. Connections with Debtor: None.

   ii. Connections with Creditors: A review of the list of creditors supplied by the Debtor does not show any connections with any of the creditors except for those who have been creditors in other bankruptcy proceedings handled by this firm and except as listed below or previously disclosed.

   iii. Attorneys: None.

   iv. Except as set out herein there are no other known connections with Debtor, creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed by the United States Trustee's Office except as follows: None.

   v. If additional connections are discovered they will be subsequently disclosed.

   vi. Johnson & Moncrief, PLC currents represents the following creditors on totally unrelated matters: None.

   vii. Johnson & Moncrief, PLC has previously represented the following creditors on totally unrelated matters. It is the position of Johnson & Moncrief, PLC that the closed matters are not related to this bankruptcy case and that Johnson & Moncrief, PLC did not obtain any confidential information from the following creditors that could be used in this bankruptcy case adversely to creditors: None.

///

1    viii.    Except as set out herein, there are no other known connections with the
2    Debtor, creditors, or any other party in interest, their respective attorney and accountants, the
3    United States Trustee, or any person employed in the United States Trustee's Office.
4    Dated: October 4, 2010                             JOHNSON & MONCRIEF, PLC

*(signature)*

Paul W. Moncrief, Attorney for
Debtor in Possession

Application to Employ Bankruptcy Counsel; Statement of Compensation and Connections
7
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

Case: 10-59704    Doc# 14    Filed: 10/05/10    Entered: 10/05/10 11:28:51    Page 7 of 7