**4**

René Lastreto, II, #100993
rl2@lrplaw.net
Vanessa M. Boehm, #261972
vmb@lrplaw.net
Lang, Richert & Patch
Post Office Box 40012
Fresno, California 93755-0012
(559) 228-6700 Phone
(559) 228-6727 Fax
M:\19435\Pleadings\lrp-1-mtn.wpd:rp

Attorneys for Movant FARM CREDIT WEST PCA

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the Matter of | Case No. 10-59704 |
| DENNEY FARMS, a California Limited Partnership, | Chapter 11 |
| Debtor | R.S. No. LRP-1 |
| FARM CREDIT WEST PCA, | Hearing Date: November 3, 2010 |
| Movant | Hearing Time: 2:15 p.m. |
| vs. | Dept:       Courtroom 3020 |
| | 280 South First Street |
| | San Jose, CA 95113 |
| DENNEY FARMS, a California Limited Partnership, | HONORABLE ARTHUR S. WEISSBRODT |
| Debtor and Debtor-in-Possession, Respondent | |

**FARM CREDIT WEST PCA'S MOTION FOR MODIFICATION OF THE
AUTOMATIC STAY OR ALTERNATIVELY, ADEQUATE PROTECTION
(ROBERTS VINEYARDS SERVICES PAYMENT)**

**JURISDICTION**

1.     This Court has jurisdiction of this contested matter by reference from the United

States District Court for the Northern District of California pursuant to 28 U.S.C. § 157(a).  The

Case: 10-59704    Doc# 20    Filed: 10/20/10    Entered: 10/20/10 16:40:48    Page 1 of 4

1 District Court has jurisdiction of this contested matter as a civil proceeding arising under and related

2 to a case under Title 11 of the United States Code pursuant to 28 U.S.C. § 1334(b). This is a "core"

3 proceeding pursuant to 28 U.S.C. § (b)(2)(G).

4 **MOTION**

5     2.    This case was commenced by the filing of a voluntary Chapter 11 petition (11 U.S.C.

6 § 1101 et seq) by the debtor on September 17, 2010.

7     3.    Movant holds a second Deed of Trust on all real property in the Bankruptcy Estate.

8 The real property is largely planted to premium varietal grapes used in the manufacture of wine.

9 Movants security also includes crops growing and harvested, the proceeds of the crops, accounts

10 receivables and any remaining products of the crops including remaining 2009 crop proceeds.

11     4.    As of September 17, 2010 the debtor and the debtor's co-borrowers owed FARM

12 CREDIT WEST, PCA approximately $2,556, 350.

13     5.    For at least three years, all farming and crop production of the Debtor and the

14 Debtors co-borrowers has been handled by a farm management company, Roberts Vineyard

15 Services, Inc.

16     6.    Roberts Vineyards Services, Inc. was hired by the Debtor and the Debtors co-

17 borrowers pre-petition. Historically, any sums owed to Roberts Vineyard Services, Inc. has been

18 paid directly by Movant FARM CREDIT WEST PCA and the amount paid added to PCA loan

19 balances.

20     7.    Before the bankruptcy case was filed, Roberts Vineyard Services provided harvesting

21 and other services for the benefit of the Debtor and its co-borrowers. Roberts Vineyards Services'

22 previous invoices had been paid in the ordinary course of business. As had been historically the

23 case, Roberts Vineyard Services tendered its invoice for September, 2010 services to FARM

24 CREDIT WEST PCA post-petition on or about September 23, 2010. Further, Roberts Vineyard

25 Services continued to provide harvest and other management services for the month of October,

26 2010. For those services Roberts Vineyard Services and future harvest expenses is owed $211,967

27 dollars.

28 ///

---

Motion for Modification of the Automatic Stay or    -2-
Alternatively, Adequate Protection
Case: 10-59704   Doc# 20   Filed: 10/20/10   Entered: 10/20/10 16:40:48   Page 2 of 4

8. Since FARM CREDIT WEST PCA advanced those funds historically and added the payments to the balance owed to PCA on the loans secured by PCA's collateral, FARM CREDIT WEST could not advance those funds to pay Roberts Vineyard Services without requiring the Debtor to incur additional debt secured by the collateral without Court approval.

9. The controlling loan documents including a Master Loan Agreement between FARM CREDIT WEST PCA, the Security Agreement between the Debtor its co-borrowers and FARM CREDIT WEST PCA and the Deed of Trust securing the Debtor's obligations to PCA provide mechanisms for FARM CREDIT WEST PCA to preserve its collateral including advancing funds where necessary and adding those funds to the obligation.

10. Good cause exists to modify the automatic stay to permit FARM CREDIT WEST to exercise those rights at this time since Roberts Vineyard Services is in the middle of harvest, has incurred costs in good faith, and should be compensated for its services as had traditionally been done before the bankruptcy petition had been filed.

11. Good cause exists to modify the automatic stay because the Debtor has not evidenced an intention to pay Roberts Vineyard Services nor has the Debtor demonstrated the wherewithal to do so at any reasonable time in the future.

12. Good cause exists to modify the automatic stay since the value of the collateral and the property of the estate has been enhanced by Roberts Vineyard Services efforts and they should be compensated for that effort.

13. Alternatively, FARM CREDIT WEST PCA is entitled to adequate protection under 11 U.S.C. § 361 and 363(e). For now, partial adequate protection would be permitting FARM CREDIT WEST PCA to pay Roberts Vineyard Services to complete the harvest and otherwise to protect the collateral and the property of the estate.

WHEREFORE, moves and prays as follows:

1. For an order modifying the automatic stay permitting FARM CREDIT WEST PCA to exercise its rights under the loan documents to preserve its collateral by advancing funds to pay Roberts Vineyard Services the sum of $211,967 dollars and adding said sum to the Debtors loan balance; or alternatively

Case: 10-59704    Doc# 20    Filed: 10/20/10    Entered: 10/20/10 16:40:48    Page 3 of 4

2. For the Court to order that FARM CREDIT WEST PCA interest could be adequately protected permitting FARM CREDIT WEST to advance funds increasing the Debtors loan balance in order to pay Roberts Vineyard Services as agreed by the Debtor and FARM CREDIT WEST PCA in modification documents entered into pre-bankruptcy; and

3. For such other and further relief as this Court deems just and proper.

Dated: October 20, 2010

LANG, RICHERT & PATCH, P.C.

By _____
René Lastreto, II
Attorneys for FARM CREDIT WEST PCA

Case: 10-59704   Doc# 20   Filed: 10/20/10   Entered: 10/20/10 16:40:48   Page 4 of 4