Paul W. Moncrief, Esq. SBN 204239
JOHNSON & MONCRIEF, PLC
295 S. Main Street, Suite 600
Salinas, California 93901
Telephone: (831) 759-0900
Facsimile: (831) 759-0902

Attorneys for Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | ) CASE NO. 10-59704 |
| | ) |
| DENNEY FARMS, a California Limited Partnership, | ) Chapter 11 |
| | ) |
| | ) Place: 280 South First Street, Room 3035 |
| Debtor in Possession. | ) San Jose, CA 95113-3099 |
| | ) |
| Tax ID #: 77-0306850 | ) Judge: Weissbrodt |
| Address: 72120 Jolon Road | ) |
| Bradley, CA 93426 | ) |
| | ) |
| | ) |

**AMENDED APPLICATION TO EMPLOY JOHNSON & MONCRIEF, PLC AS COUNSEL FOR DEBTOR; DECLARATION OF PAUL W. MONCRIEF IN SUPPORT THEREOF; STATEMENT OF COMPENSATION AND CONNECTIONS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:

DENNEY FARMS, a California Limited Partnership ("Debtor"), hereby respectfully requests authority, pursuant to Section 327(a) of the Bankruptcy Code and B.R. 2014, to employ Johnson & Moncrief, PLC, 295 S. Main Street, Salinas, California 93901 ("Applicant"), as bankruptcy counsel during the pendency of the Chapter 11 case as follows:

1. Debtor filed a Chapter 11 petition in this case on September 17, 2010.

///

Amended Application to Employ Counsel; Declaration; Statement of Compensation and Connections
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

Case: 10-59704  Doc# 25  Filed: 11/02/10  Entered: 11/02/10 14:55:12  Page 1 of 16

2. Debtor desires to employ Applicant because of the experience and knowledge of Applicant's members and associates in the field of bankruptcy, insolvency, litigation and debtors' and creditors' rights. Debtor believes that Applicant and its attorneys are well qualified to provide representation in this case.

**SERVICES TO BE RENDERED**

3. It is necessary and essential that the Debtor employ Applicant because of the extensive legal services required for this estate. These services include, but are not limited to, the following:

   a. Take all necessary action to protect and preserve the estate, including, if required by the facts and circumstances, the prosecution of actions and adversary or other proceedings on the estate's behalf; the defense of any actions and adversary or other proceedings against the estate; negotiations concerning all disputes and litigation in which the estate is involved, and, where appropriate, the filing and prosecution of objections to claims filed against the estate;

   b. Prepare on behalf of the estate, all necessary applications, motions, answers, orders, briefs, reports and other papers in connection with the administration of the estate;

   c. Develop, negotiate and promulgate a plan;

   d. Assist Special Counsel, if any, in rendering services for benefit of the estate; and

   e. Perform all other legal services requested.

4. Attached hereto and incorporated herein by reference, is a listing of the connections, if any, of Applicant with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants. Said statement also describes the source of compensation as to the retainer paid and sharing arrangements, if any.

**COMPENSATION PROCEDURES**

5. By this Application, Debtor seeks authority to allow Applicant to hold a retainer of $20,000.00 received from Robert H. Denney, individually, on October 18, 2010, to be applied

Case: 10-59704    Doc# 25    Filed: 11/02/10    Entered: 11/02/10 14:55:12    Page 2 of 16

to the final allowance, unless otherwise ordered, as has been allowed in numerous other Chapter 11 cases including *In re Insilco Technologies, Inc.*, 291 B.R.10 628 (Bankr. D. Del. 2003) and *In re CTC Communications Group, Inc.*, No. 02-12873 (Bankr. D. Del. 2002) (order granting employment of attorneys).

6. The following schedule sets forth the customary hourly rates charged by Applicant prevailing as of the date of this Application:

| Professional | Hourly Rate |
|---|---|
| Paul W. Moncrief | $315.00 |
| Aaron P. Johnson | $315.00 |
| Paul Hart | $315.00 |
| Koren McWilliams | $275.00 |
| Daniel E. Griffee | $275.00 |
| Dennis Lewis | $175.00 |
| David S. Henshaw | $195.00 |
| Paralegals | $150.00 |

Rates are subject to periodic revision upon notice to Debtor.

7. Applicant has not agreed to share any compensation for services rendered or to be rendered in any capacity in connection with this case between Applicant and any other entity, except among Applicant's personnel.

8. Applicant's charges for its professional services are based upon the time and labor required, the difficulty of the issues involved, the skill requisite to perform the legal service properly, the preclusion of other employment, time limitations imposed by the circumstances and the experience and ability of Applicant.

9. The Debtor seeks to employ Applicant on an hourly basis. A true and correct copy of the signed fee agreement between Debtor and Applicant is attached hereto as **Exhibit A**.

10. In accordance with the U.S. Trustee Fee Guidelines, Applicant will file monthly with the U. S. Trustee a copy of Applicant's monthly invoice with respect to fees for professional services rendered to the Debtor (the "Professional Fee Statement"), and for reimbursement of expenses incurred on behalf of the Debtor and will serve copies of the Professional Fee Statement upon the Debtor, the U. S. Trustee, and all other required parties, and those parties that request special notice in the Debtor's case. If no objection to the Professional Fee Statement is

filed and served within ten (10) calendar days after service of the Professional Fee Statement, the Debtor shall pay the amount of fees and costs represented by that monthly invoice without further notice, hearing or order of the Court. If a written objection to Applicant's monthly invoice is filed by a party-in-interest within the required time period, the Debtor shall refrain from paying the disputed portion of the fees and expenses, or if such portion cannot be determined, then the Debtor shall refrain from paying the entire invoice until the Court has resolved the objection. If appropriate, approximately every three (3) months Applicant will file and serve an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to such monthly payment procedure.

11. Applicant will apply to the Court for compensation in conformity with Bankruptcy Code Sections 328, 330 and 331 and understands that its compensation will be subject to the approval of the Court. All funds paid by the Debtor to Applicant pursuant to the monthly payment procedure will be subject to final allowance by the Court.

12. At the conclusion of his case, Applicant will file an application seeking final allowance of all fees and expenses, regardless of whether interim compensation has been paid to Applicant. Upon allowance of such fees and costs, the Debtor will pay Applicant the difference between the amounts allowed and any interim compensation paid to Applicant, less the retainer then on hand.

13. The professional services that Applicant renders on behalf of the Debtor shall be compensated pursuant to Sections 330 and 331 of the Bankruptcy Code.

14. Based on this Application, the annexed Declaration and Statement of Compensation and Connections, it is asserted that Johnson & Moncrief, PLC holds no interest adverse to this estate and is a disinterested person within the meaning of 11 U.S.C. § 327.

///
///
///
///
///

Amended Application to Employ Counsel; Declaration; Statement of Compensation and Connections
In re Dempsey Farms, a California Limited Partnership
Case No. 10-59704

Case: 10-59704   Doc# 25   Filed: 11/02/10   Entered: 11/02/10 14:55:12   Page 4 of 16

WHEREFORE, Debtor prays for authorization to employ Applicant for performance of the services as described herein and prays that the Court grant such other relief as is just.

Dated: ~~October~~ \_, 2010
Nov.

JOHNSON & MONCRIEF, PLC

*[signature]*

Paul W. Moncrief, Attorney for
Debtor in Possession

Amended Application to Employ Counsel; Declaration; Statement of Compensation and Connections
Case: 10-59704    Doc# 25    Filed: 11/02/10    Entered: 11/02/10 14:55:12    Page 5 of 16
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

## DECLARATION IN SUPPORT OF EMPLOYMENT AND CONNECTIONS

I, Paul W. Moncrief, declare as follows:

1. I am an Attorney at Law admitted to practice before this Court and all Courts of the State of California. I am a member of Johnson & Moncrief, PLC.

2. My office is located at 295 S. Main Street, Salinas, California 93901.

3. Johnson & Moncrief has received a retainer of $20,000 for this case from Robert H. Denney, individually, on October 18, 2010.

3. I met with and discussed this Application and the bankruptcy case with the Debtor. I also reviewed the attached Application, and the Statement of Compensation and Connections, which I prepared and which is incorporated into this Declaration by reference, and the Statement of Affairs and Petition filed by Debtor. On the basis of this review, I made the disclosures regarding fees in said Statement, I know of no connection with Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the United States Trustee's Office except as disclosed herein.

I so declare this 1st day of ~~October~~ Nov., 2010 at Salinas, California.

Paul W. Moncrief

Amended Application to Employ Counsel; Declaration; Statement of Compensation and Connections
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

Case: 10-59704   Doc# 25   Filed: 11/02/10   Entered: 11/02/10 14:55:12   Page 6 of 16

# STATEMENT OF COMPENSATION AND CONNECTIONS

1. Source of Compensation

Counsel will be paid from the assets of the estate. Johnson & Moncrief, PLC has received a retainer of $20,000 paid from Robert H. Denney, individually, on October 18, 2010.

2. Sharing Arrangements

Johnson & Moncrief, PLC has not shared nor agreed to share any compensation with any other person, except within the law firm.

3. Connections

   i. Connections with Debtor: None.

   ii. Connections with Creditors: A review of the list of creditors supplied by the Debtor does not show any connections with any of the creditors except for those who have been creditors in other bankruptcy proceedings handled by this firm and except as listed below or previously disclosed.

   iii. Attorneys: None.

   iv. Except as set out herein there are no other known connections with Debtor, creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed by the United States Trustee's Office except as follows: None.

   v. If additional connections are discovered they will be subsequently disclosed.

   vi. Johnson & Moncrief, PLC currents represents the following creditors on totally unrelated matters: None.

   vii. Johnson & Moncrief, PLC has previously represented the following creditors on totally unrelated matters. It is the position of Johnson & Moncrief, PLC that the closed matters are not related to this bankruptcy case and that Johnson & Moncrief, PLC did not obtain any confidential information from the following creditors that could be used in this bankruptcy case adversely to creditors: None.

///

Amended Application to Employ Counsel; Declaration; Statement of Compensation and Connections
Dale Denney Farms, a California Limited Partnership
Case No. 10-59704

viii. Except as set out herein, there are no other known connections with the Debtor, creditors, or any other party in interest, their respective attorney and accountants, the United States Trustee, or any person employed in the United States Trustee's Office.

Dated: ~~October~~ _1_, 2010  Nov.

JOHNSON & MONCRIEF, PLC

_/s/ Paul_

Paul W. Moncrief, Attorney for
Debtor in Possession

# EXHIBIT A

KING CITY OFFICE
523 BROADWAY STREET
KING CITY, CA 93930
PH: (831) 385-0900
FX: (831) 385-0902
*SUBMIT ALL CORRESPONDENCE
TO THE SALINAS OFFICE

# JOHNSON & MONCRIEF

A PROFESSIONAL LAW CORPORATION

295 S. MAIN STREET, SUITE 600
SALINAS, CALIFORNIA 93901
PO BOX 1323
SALINAS, CA 93902-1323
PH: (831) 759-0900
FX: (831) 759-0902
*www.JohnsonMoncrief.com*

AARON P. JOHNSON
PAUL W. MONCRIEF
L. PAUL HART
DENNIS J. LEWIS
KOREN R. MCWILLIAMS
DANIEL E. GRIFFEE

September 16, 2010

File No. _____

**VIA EMAIL**

Bob Denney
Denney Farms, L.P.
P.O. Box 450
Bradley, CA 93426

      RE: *Retainer and Fee Agreement*

Dear Mr. Denney:

This letter will confirm that Denney Farms, L.P. has engaged Johnson & Moncrief, PLC (the "Firm") to perform only the legal services described below. When you countersign on behalf of Denney Farms, L.P. ("you"), this letter will evidence our agreement ("Agreement") with respect to those services. To the extent that California Business & Professions Code section 6148 applies to this engagement, this Agreement is intended to fulfill the requirements of that section.

As discussed below, it is understood and agreed that the Firm will submit its monthly invoices and costs advanced to Denney Farms, L.P., attention Bob Denney. It is expressly understood and agreed that Denney Farms, L.P. is responsible for the attorneys' fees and cost obligations incurred by the Firm in representing the interests of Denney Farms, L.P.

Please read this letter carefully. If you have concerns, please feel free to contact us. We encourage you to discuss these matters with us at any time from the inception of this Agreement through the course of representation.

### 1. CONDITIONS

This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial deposit called for under Paragraph 5.

### 2. RECITALS

    2.1.    The scope of the requested representation is to advise and represent you in connection with bankruptcy ("Matter") and any matters related thereto.



2.2. The scope of our representation may be expanded from the work described above only if agreed upon in writing by both you and the Firm. We cannot guarantee a particular result or outcome in the Matter for which we have been retained. Our responsibility in representing you is to provide effective legal services consistent with our ethical and professional responsibilities and based upon all available information.

2.3. You recognize and agree that one or more lawyers and/or paralegals at the Firm may work on the Matter. You understand that you are hiring the law firm and not any individual lawyer. However, Paul W. Moncrief will be the attorney primarily responsible for this Matter.

2.4. This Agreement will be effective when it is countersigned by you. However, this Agreement will apply retroactively to any services we may provide in connection with the engagement before the date this Agreement is countersigned by you.

3. **ATTORNEYS' FEES IN INDIVIDUAL ACTION; STATEMENTS IN "BLOCK BILLING" FORMAT**

3.1. You agree to pay attorneys' fees on the following basis. It is understood that no specific fee is set by law, and that this fee has been specifically agreed to between the parties. All fees will be subject to Bankruptcy Court approval.

3.2. Billing statements will be prepared on a monthly basis. The Firm's billing cycle is the calendar month. Payment of the billing statement will be accomplished by application to the Bankruptcy Court.

3.3. The attorneys' fees component of the Firm's billing statements will appear in "block billing" format. In other words, while the work performed by Firm attorneys on any given day will be stated in some detail, the time spent in performing those tasks will be aggregated and will appear as a single time entry for each attorney on that day. The minimum billing block is 0.1 hour for each task.

3.4. The legal services to be rendered by the Firm on your behalf will be charged at an hourly rate. All attorneys and paralegals have an assigned hourly rate and separately record their time spent on each client matter. Hourly rates vary, and each statement reflects the hourly rates. Because the time spent by professionals in performing services on your behalf is the most significant element in determining the amount of our fees, we cannot predict in advance what the total amount of fees will be for this engagement.

3.5. The Firm's current hourly rates are:

    Partners .............................................$325 - $345 per hour
    Associates ........................................$210 - $325 per hour
    Paralegals/Assistants.........................$50 - $160 per hour



## 4. RETAINER DEPOSIT

We will require an advance retainer in the amount of $20,000.00 together with a filing fee in the amount of $1,039.00 (previously received) prior to the commencement of work in this Matter. We may require an additional retainer if the anticipated scope of our work changes prior to any mediation, arbitration or trial of the Matter. To the extent a retainer is requested, it will be deposited into the Firm's client trust account and retained there. The Firm may pay costs incurred from the deposited retainer amount. Any costs paid from the client trust account will be reflected on your next invoice. Monthly invoices for costs not paid from the client trust account and all attorneys' fees are to be paid within thirty (30) days of the date of the billing statement. To the extent any portion of the retainer deposit is left at the conclusion of our engagement, it will be returned to you.

## 5. REPRESENTATIONS

It is acknowledged that we have made no representation whatsoever regarding the successful resolution of the Matter.

## 6. COOPERATION AND RESOLUTION

You agree to cooperate fully with us in all aspects of the Matter. Examples of the assistance that you are required to provide may include: providing information and access to records, being available for consultation and deposition sessions upon reasonable notice, actively participating in the decision-making process with regard to potential resolutions or strategy, and paying this Firm's invoices as they come due.

## 7. DISCHARGE/WITHDRAWAL OR COMPLETION OF REPRESENTATION

7.1. You may discharge the Firm at any time. The Firm may withdraw for good cause upon approval of the Bankruptcy Court.

7.2. Unless specifically agreed by all parties, we will provide no further services and advance no further costs after receipt of notice that you have discharged the Firm as your attorneys.

7.3. Should the Firm withdraw or be discharged, it shall be paid for all costs advanced and any outstanding balance of attorneys' fees. You will remain responsible for any costs incurred on your behalf and remaining unpaid at the time of our discharge or withdrawal.

7.4. You and the Firm each agree to sign any documents reasonably necessary to complete the Firm's discharge or withdrawal as your attorneys.

7.5. Upon completion of the legal tasks and representation covered by this engagement letter, the Firm will provide no further services unless agreed to in writing by both parties.



## 8. RIGHT TO SEEK INDEPENDENT LEGAL ADVICE

Before entering into this Agreement, the Firm has advised you of your right to seek the advice of an independent attorney concerning the terms and conditions of this Agreement. You may seek such independent advice as you desire concerning any questions on this matter.

## 9. INSURANCE COVERAGE

The Firm maintains errors and omissions insurance applicable to the legal services to be provided.

## 10. ARBITRATION

10.1. Any dispute between you and the Firm concerning attorneys' fees or other costs for professional services rendered by the Firm pursuant to this Agreement will be, at your election, submitted to arbitration. If you elect to arbitrate such dispute, the arbitration shall be conducted pursuant to California Business & Professions Code sections 6200 et seq.

10.2. In the event of any arbitration, action, or proceeding arising out of this Agreement, the prevailing party shall be entitled to recover all costs and other expenses, including reasonable attorneys' fees, incurred by it in connection with or in preparation for such arbitration, action or proceeding.

Two copies of this letter are enclosed. One copy is for your records. Please review this Agreement carefully. If you have any questions about this Agreement, please contact me before signing the consent set forth below. In addition, you are free to consult with independent counsel regarding this Agreement or regarding any other matter related to the Firm's representation of you.

Please sign and date this Agreement below, and return a signed copy to us in the enclosed self-addressed, stamped envelope.

Very truly yours,

**Johnson & Moncrief, PLC**

*[signature]*

Paul W. Moncrief

PWM/kes

Enclosure

# CERTIFICATE OF SERVICE

I am employed in the County of Monterey, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 295 S Main Street, Suite 600, Salinas, CA 93901

On the date set forth below, I caused the following document(s) entitled:

1. Amended Application to Employ Johnson & Moncrief, PLC as Counsel for Debtor; Declaration of Paul W. Moncrief in Support Thereof; Statement of Compensation and Connections

To be served on the party(ies) or its (their) attorney(s) of record in this action listed below by the following means:

XX  **(BY MAIL)** By placing each envelope (with postage affixed thereto) in the U.S. Mail at Johnson & Moncrief, PLC, 295 S Main Street, Suite 600, Salinas, California. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

_____  **(BY HAND-DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

_____  **(BY OVERNIGHT DELIVERY)** By placing with Federal Express and/or UPS a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Johnson & Moncrief, PLC at the address(es) shown below.

_____  **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof by facsimile transmission from facsimile number (831) 759-0902 to interested party(ies) of their attorney of record to said action at the facsimile number(s) shown below.

addressed as follows:

| | |
|---|---|
| Farm Credit West<br>Rene Lastreto, II<br>Lang, Richert & Patch<br>P.O. Box 40012<br>Fresno, CA 93755 | Office of the U.S. Trustee/SJ<br>U.S. Federal Bldg.<br>280 S. 1st Street #268<br>San Jose, CA 95113-3004 |
| Chris Brumfield, Esq.<br>VP & General Counsel<br>Farm Credit West<br>1478 Stone Point Dr., Suite 450<br>Roseville, CA 95661 | Farm Credit West<br>Attn: James Meeley<br>P.O. Box 631<br>Visalia, CA 93279 |
| Farm Credit West<br>P.O. Box 631<br>Visalia, CA 93279 | CA Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 |
| CA Franchise Tax Board<br>Attn: Special Procedures<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Franchise Tax Board<br>P.O. Box 942857<br>Sacramento, CA 94240 |

Certificate of Service
*In re Dennis Farms, a California Limited Partnership*
Case No. 10-59704

Case: 10-59704   Doc# 25   Filed: 11/02/10   Entered: 11/02/10 14:55:12   Page 14 of 16

| | |
|---|---|
| Secretary of The Treasury<br>15th and Pennsylvania Ave.<br>NW Washington, DC 20220–0001 | Internal Revenue Service<br>ACS Support – STOP 813G<br>P.O. Box 145566<br>Cincinnati, OH 45250 |
| IRS<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Internal Revenue Service<br>Ogden, UT 84201–0039 |
| Internal Revenue Service<br>P O Box 21126<br>Philadelphia, P A 19114 | State Board of Equalization<br>Attn: Special Procedures Section, MIC:55<br>P.O. Box 942879<br>Sacramento, CA 94279 |
| Castoro Cellars<br>6465 Von Dollen Road<br>San Miguel, CA 93451 | Courtside Cellars LLC<br>4910 Edna Road<br>San Luis Obispo, CA 93401 |
| Hahn Estates<br>P.O. Drawer C<br>Soledad, CA 93960 | Hames Valley Vineyards, Inc.<br>72120 Jolon Road<br>Bradley, CA 93426 |
| Herzog Wine Cellars<br>3201 Camino Del Sol<br>Oxnard, CA 93030 | Delicato Vineyards<br>12001 South Highway 99<br>Manteca, CA 95336 |
| E.T. Caulk Educational Trust<br>Shelley B. Denney Trustee<br>264 W. 14th Street<br>San Bernardino, CA 92405 | International Wine Associates<br>P.O. Box 1330<br>Healdsburg, CA 95448 |
| Lang, Richert &Patch<br>5200 North Palm, Suite 401<br>Fresno, CA 93704 | MONTEREY COUNTY TAX COLLECTOR<br>168 W. Alisal Street 1st Floor<br>Salinas, CA 93901 |
| MONTEREY COUNTY TAX COLLECTOR<br>P O BOX 891<br>SALINAS, CA 93902 | Robert H. Denney, Jr.<br>72120 Jolon Road<br>Bradley, CA 93426 |
| Robert Hall Winery LLC 3443 Mill Road Paso Robles, CA 93446 | Scheid Vineyards<br>305 Hilltown Road<br>Salinas, CA 93908 |
| The Rev. Shelley Denney<br>264 W. 14th Street<br>San Bernardino, CA 92405 | The Wine Group<br>P.O. Box 897<br>Ripon, CA 95366 |
| Turrentine Brokerage<br>7599 Redwood Boulevard Suite 103<br>Novato, CA 94945 | Venoco<br>6267 Carpinteria Avenue Suite 100<br>Carpinteria, CA 93013 |

Certificate of Service

Case No. 10-59704

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 2, 2010, in Salinas, California. |
| 5 | |
| 6 | |
| 7 | _____ |
| 8 | Kelli Stokes |