Paul W. Moncrief, Esq. SBN 204239
JOHNSON & MONCRIEF, PLC
295 S. Main Street, Suite 600
Salinas, California 93901
Telephone: (831) 759-0900
Facsimile: (831) 759-0902

Attorneys for Debtor in Possession

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>DENNEY FARMS, a California Limited Partnership,<br><br>       Debtor in Possession.<br><br>Tax ID #: 77-0306850<br>Address: 72120 Jolon Road<br>         Bradley, CA 93426 | CASE NO. 10-59704<br><br>Chapter 11<br><br>Place: 280 South First Street, Room 3035<br>       San Jose, CA 95113-3099<br><br>Judge: Weissbrodt |

## APPLICATION TO EMPLOY INTERNATIONAL WINE ASSOCIATES AS REAL ESTATE BROKER; DECLARATION OF SALLY NICHOLSON IN SUPPORT THEREOF; STATEMENT OF COMPENSATION AND CONNECTIONS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:

    DENNEY FARMS, a California Limited Partnership ("Debtor"), hereby respectfully requests authority, pursuant to Section 327 of the Bankruptcy Code, to employ International Wine Associates, 625 Healdsburg Avenue, Healdsburg, California 95448, ("IWA"), as real estate broker for Debtor's property located at 72120 Jolon Road, Bradley, California 93426 (the "Property") during the pendency of the Chapter 11 case as follows:

    1.    On September 17, 2010, Debtor filed a petition under Chapter 11 of the Bankruptcy Code.

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 1 of 17
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

2. Debtor wishes to employ IWA as its exclusive real estate broker pursuant to 11 U.S.C. § 327 and to compensate IWA in accordance to the terms and conditions as contained in the EXCLUSIVE LETTER OF ENGAGEMENT (the "Agreement"), attached as **Exhibit A**, and the EXTENSION TO EXCLUSIVE SALES LISTING AND CONSULTING AGREEMENT (the "Extension"), attached as **Exhibit B**, to the supporting Declaration of Robert H. Denney.

3. Debtor has selected IWA because IWA has considerable experience in wine vineyard marketing and sales, and IWA is well qualified to represent Debtor in the sale of the Property.

4. Debtor's assets in this case include the Property and the wine vineyard growing thereon. The sale of the Property at its highest value will reduce Debtor's overall and will benefit the estate in this bankruptcy matter.

5. The professional services IWA will render on behalf of Debtor include:

(a) Approach and screen potential buyers of the Property to determine their level of interest in the Property;

(b) Make recommendations to Debtor regarding the most effective method of marketing the Property;

(c) Introduce to Debtor all interested potential purchasers of the Property

(d) Develop formal offers for potential purchases;

(e) Represent Debtor in contract negotiations for the sale of the Property; and

(f) Negotiate final sale documents on behalf of Debtor;

**COMPENSATION PROCEDURES**

5. Debtor seeks to compensate IWA in accordance with the Agreement as dated December 22, 2008, and the corresponding Extension dated September 1, 2010. The Agreement and Extension provide that IWA will be the exclusive broker for the sale of the Property for the period ending September 1, 2011.

6. More specifically, should the Property be sold to a potential buyer before September 1, 2011, IWA should be paid a commission from the proceeds of the sale in the amount of:

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 2 of 17
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

(a) Five percent (5%) of the total purchase price if there is not a broker for the buyer; or

(b) Six percent (6%) of the total purchase price if there is a broker for the buyer, and the fee will be shared with the buyer's broker.

7. The fee negotiated between Debtor and IWA is a standard commission for real estate brokers in the wine vineyard industry, and is no less favorable than the commissions IWA normally agrees to with other clients.

8. Additionally, Debtor agrees to pay IWA out any sales proceeds of the Property "out-of-pocket" expenses as defined in paragraph 9 of the Agreement, not to exceed $10,000.00.

9. IWA has not agreed to share any compensation for services rendered or to be rendered in any capacity in connection with this case between IWA and any other entity, except among IWA's personnel.

10. IWA's charges for its professional services are based upon the standard industry norms and procedures

11. Debtor seeks to employ IWA on a commission basis. IWA will be compensated from the sale of the Property.

12. Following a potential sale of the Property, IWA will file an application seeking final allowance of all commissions. Upon allowance of such commissions, IWA will request payment in the amount corresponding to the terms of the sale (5% commission payable if no buyer's broker, 6% commission if sold with assistance of a buyer's broker, with payment to be split among both brokers).

13. Attached hereto and incorporated herein by reference, is a listing of the connections, if any, of IWA with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants. Said statement also describes the source of compensation as to the retainer paid and sharing arrangements, if any.

14. Based on this Application, the annexed Declaration and Statement of Compensation and Connections, it is asserted that IWA holds no interest adverse to this estate and is a disinterested person within the meaning of 11 U.S.C. § 327.

///

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
3
*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 3 of 17

Wherefore, Debtor respectfully requests that it be authorized to employ IWA to act as the real estate broker in the marketing and sale of the Property, and for such other and further relief as the court deems just and proper.

Dated: October 29, 2010

JOHNSON & MONCRIEF, PLC

*/s/ Paul W. Moncrief*
Paul W. Moncrief, Attorney for
Debtor in Possession

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
4
In re Demay Farms, a California Limited Partnership
Case No. 10-59704

Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 4 of 17

# DECLARATION OF SALLY NICHOLSON IN SUPPORT OF EMPLOYMENT AND CONNECTIONS

I, Sally Nicholson, declare as follows:

1. I am a principal and real estate broker of International Wine Associates ("IWA").

2. IWA is located at 625 Healdsburg Avenue, Healdsburg, California 95448.

3. IWA specializes in wine and liquor industry corporate finance, mergers and acquisitions, strategic planning, marketing and project development.

4. IWA employs a team of experienced business and financial managers and real estate agents who have completed numerous transactions in the wine industry.

5. On December 22, 2008, Debtor and IWA executed an EXCLUSIVE LETTER OF ENGAGEMENT (the "Agreement"), setting forth the employment and potential compensation of IWA. A true and correct copy of the Agreement is attached hereto as **Exhibit A**. The original term of the agreement was to be for eighteen (18) months from the date of execution.

6. On September 22, 2010, Debtor and IWA executed an EXTENSION TO EXCLUSIVE SALES LISTING AND CONSULTING AGREEMENT (the "Extension"), extending the terms of the Agreement for an additional twelve (12) months, terminating on September 1, 2011. A true and correct copy of the Extension is attached hereto as **Exhibit B**.

7. The terms of the Agreement provided that IWA was to market and negotiate the sale of Debtor's property located at 72120 Jolon Road, Bradley, California 93426 (the "Property").

8. As compensation for said services, IWA is to receive a commission from any sale of the Property during the term of the Agreement. Where a buyer does not have a broker, IWA is to receive five percent (5%) of the overall purchase price as a commission. Where a buyer does have a broker, IWA is to split a six percent (6%) commission of the overall purchase price with the buyer's broker.

9. In addition to the percentage, IWA is to be compensated out of the proceeds of any sale of the Property for its "out-of-pocket" expenses, as defined in paragraph 9 of the Agreement.

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
5
*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 5 of 17

10. I met with and discussed this Application and the bankruptcy case with Debtor. I also reviewed the attached Application, and the Statement of Compensation and Connections, which is incorporated into this Declaration by reference. On the basis of this review, I made the disclosures regarding commissions in said Statement, I know of no connection with Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the United States Trustee's Office except as disclosed therein.

I so declare this 2 day of November, 2010 at Healdsburg, California.

*[signature: Sally Nicholson]*

Sally Nicholson

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
6
*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 6 of 17

# STATEMENT OF COMPENSATION AND CONNECTIONS

1. Source of Compensation

International Wine Associates ("IWA") will be paid from the proceeds of the sale of Debtor's property located at 72120 Jolon Road, Bradley, California 93426. Debtor and IWA executed an EXCLUSIVE LETTER OF ENGAGEMENT (the "Agreement") and an EXTENSION TO EXCLUSIVE SALES LISTING AND CONSULTING AGREEMENT (the "Extension") providing the terms under which IWA shall be employed and compensated in this matter. Additionally, IWA will be reimbursed for its "out-of-pocket" expenses from the proceeds of a sale of the Property as defined in paragraph 9 of the Agreement.

2. Sharing Arrangements

IWA has not shared nor agreed to share any compensation with any other person, except with IWA's personnel.

3. Connections

   i. Connections with Debtor: None.

   ii. Connections with Creditors: A review of the list of creditors supplied by the Debtor does not show any connections with any of the creditors except for those who have been creditors in other bankruptcy proceedings handled by this firm and except as listed below or previously disclosed.

   iii. Attorneys: None.

   iv. Except as set out herein there are no other known connections with Debtor, creditors, or any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed by the United States Trustee's Office except as follows: None.

   v. If additional connections are discovered they will be subsequently disclosed.

   vi. IWA currently represents the following creditors on totally unrelated matters: None.

///

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
7
In re Denney Parks, a California Limited Partnership
Case No. 10-59704

Case: 10-59704    Doc# 27    Filed: 11/03/10    Entered: 11/03/10 14:58:20    Page 7 of 17

vii. IWA has previously represented the following creditors on totally unrelated matters. It is the position of IWA that the closed matters are not related to this bankruptcy case and that IWA did not obtain any confidential information from the following creditors that could be used in this bankruptcy case adversely to creditors: None.

viii. Except as set out herein, there are no other known connections with the Debtor, creditors, or any other party in interest, their respective attorney and accountants, the United States Trustee, or any person employed in the United States Trustee's Office.

Dated: November 2, 2010

*Sally Nicholson*
Sally Nicholson, Principal and Broker,
International Wine Associates

Application to Employ International Wine Associates; Declaration; Statement of Compensation and Connections
8
In re Denney Farms, a California Limited Partnership
Case No. 10-59704

Case: 10-59704    Doc# 27    Filed: 11/03/10    Entered: 11/03/10 14:58:20    Page 8 of 17

# Exhibit A

# INTERNATIONAL WINE ASSOCIATES

GLOBAL WINE ADVISORS – CORPORATE FINANCE – GENERAL MANAGEMENT – MARKETING – VINEYARD BROKERS
POST OFFICE BOX 1330, 625 HEALDSBURG AVENUE
HEALDSBURG, CALIFORNIA 95448, U.S.A

ROBERT M. NICHOLSON
JOSH GRACE
SALLY NICHOLSON, BROKER

TELEPHONE: (707) 433-8122
FACSIMILE: (707) 433-7519
E-MAIL: ROBERT@INTLWINE.COM
HTTP://WWW.INTLWINE.COM

December 19, 2008

Mr. Robert H. Denney
Denney Farms Ltd.
P.O. Box 450
Bradley, CA 93426

Dear Mr. Denney:

## EXCLUSIVE LETTER OF ENGAGEMENT

This Exclusive Letter of Engagement ("Agreement") constitutes the mutual understanding between Robert H. Denney, an individual, Denney Farms Ltd, a California Limited Partnership, and Hames Valley Vineyards, Inc. (hereinafter collectively "Denney" or "the Company") and International Wine Associates ("IWA"), Inc., a California corporation, and the engagement of IWA by Denney as exclusive strategic advisor and real estate broker to provide the consulting and real estate services detailed below.

We have agreed that IWA will work with Denney during an initial term of engagement ("Term") that will last for a period of eighteen (18) months from the date of signature of this Agreement, unless extended as provided for hereunder. Denney has requested that IWA represent Denney in a sale of Denney's 1,400 acre vineyard property in California's Hames Valley appellation (hereinafter referred to as "the Vineyard"). The parcel numbers that IWA will sell are as detailed below. The March, 2007 appraisal values the parcels as follows, that IWA shall also use as the listing prices:

| Parcel | Value |
|---|---|
| 423-091-26 | $5,000,000 |
| 423-091-52 | 1,200,000 |
| 426-091-53 | 3,200,000 |
| 424-081-54 | 2,600,000 |
| 424-081-10 | 650,000 |

IWA agrees to provide the following services to Denney during the Term and during any extensions of the Term:

1) **Information Memorandum** – using information provided by Denney, IWA will develop an Information Memorandum for approval by Denney that will be used to present the opportunity to targets. This document will include all relevant financial, qualitative and quantitative details about the Vineyard.

2) **Approach and screening of targets** – IWA will start making approaches and screen buyers of the Vineyard on behalf of Denney following Denney's approval of the Vineyard Information Memorandum, to determine their level of interest in the Vineyard. IWA will determine with Denney and make recommendations to Denney regarding the most effective method of marketing the Vineyard to the industry and beyond.

INTERNATIONAL WINE ASSOCIATES 1 WWW.INTLWINE.COM

Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 10 of 17

Mr. Robert H. Denney                                          December 19, 2008

3) **Introduction of Denney, recommendations & negotiations** – IWA will introduce Denney to all interested targets; IWA will work with targets on the development of their indications of interest in the opportunity and will make recommendations regarding how the transaction can be structured; IWA will work on formal offers with targets and their representatives; IWA will represent Denney in the contract negotiations.

4) **Due Diligence** – the due diligence process will be managed by IWA with Denney's other advisors (e.g. legal, accounting, etc.).

5) **Selection of Final Target & Negotiation of Agreements** – working with Denney, IWA will manage the selection of the most suitable offer and will negotiate the final sale documents on behalf of Denney.

During the Initial Term and any extensions of the Term, Denney agrees to pay IWA real estate brokerage success fees as are summarized below:

6) **Initial Term of Engagement** – eighteen (18) months; during the Term, IWA will represent Denney and work on completion of the sale of the Vineyard. If at the end of the initial Term there are ongoing discussions with an interested buyer towards structuring an agreement on a transaction with the Vineyard, the Initial Term will be extended for an additional twelve (12) months. IWA understands that Denney desires to sell the Vineyard as soon as possible, given suitable pricing and terms.

7) IWA will be the exclusive real estate broker representing Denney in the sale of the Vineyard.

8) If during the Term of this Agreement, or during any extensions of the Term, or during a period of 12 months following the Term, Denney signs agreements to sell the Vineyard or any portion of the Vineyard, Denney will pay IWA broker fees ("Broker Fees") as outlined herein. Broker Fees and any outstanding expenses due IWA are to be irrevocably assigned to IWA directly from the proceeds of the sale, lease or option at closing. Broker fees due to IWA will be made directly to IWA on the date of close of the transaction, from the escrow established by Denney and the buyer. If no escrow is established, the IWA real estate brokerage success fee will be paid directly from the buyer on the same date as the transfer or transfers of any consideration to Denney from the buyer or lessee:

- Five (5%) percent of the total consideration paid to Denney if there is no buyer's broker, or

- Six (6%) percent of the total consideration paid to Denney if there is a buyer's broker and the fee is shared with the buyer's broker.

The term "sell" and similar phrases used in this Agreement shall include sell, contract to sell, exchange, lease for over 5 years and/or an option to purchase. The phrases "this Agreement", "during the term of this Agreement" and "Term" include written extensions of this Agreement.

9) Denney shall reimburse IWA's actual out-of-pocket expenses incurred during the Term and any extensions of the Term, such as travel, telephone, secretarial and fax charges, that will not exceed $750 per month. Any marketing or advertising expenses to be undertaken will be agreed between the parties and will be paid for by Denney. — *Not to Exceed $10,000 RD.*

Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 11 of 17

December 19, 2008

Mr. Robert H. Denney

10) Denney will refer all potential buyers to IWA for follow-up by IWA that have made direct approaches to Denney for a possible purchase of The Vineyard prior to signature of this Agreement, or who make direct approaches to Denney for a possible purchase during the Initial Term or during any extensions thereof. If Denney signs agreements to sell all or part of the Vineyard to any potential buyer referred to IWA by Denney, Denney agrees to pay IWA the success fees as summarized above in article 8.

11) IWA and all employees or associates shall keep strictly confidential and private and shall not disclose to any person or entity other than in the execution of the services of this Letter of Engagement, any "Confidential Information" or any media (written, electronic or otherwise) in which any "Confidential Information" is stored. The term "Confidential Information" means all information which IWA obtains concerning Denney, including without limitation information relating to the financial results, business, operations, sales, financing arrangements, technology, plans or projections (including the existence of this Letter of Engagement). The term "Confidential Information", however, does not include any information that was or is readily available to the general public.

12) If IWA or any employees or associates become obligated, or believe that they will become obligated, by law, by any governmental agency or by any other person or entity to disclose any "Confidential Information", they shall forthwith notify Denney of that requested disclosure and shall give Denney sufficient time to respond before making any such disclosure. Upon request, or at the end of this Engagement, IWA agrees to return all "Confidential Information" to Denney within five (5) days of such request.

13) Denney and all employees and associates shall keep strictly confidential and private and shall not disclose to any person or entity any Confidential Information or any media (written, electronic or otherwise) in which any Confidential Information is stored. The term "Confidential Information" in this paragraph means all information which Denney obtains concerning any buyers, including without limitation information relating to the identity of the buyers, or their financial results, business, operations, sales, financing arrangements, technology, plans or projections. The term "Confidential Information" in this paragraph shall also mean all proprietary information that Denney obtains concerning the IWA valuation methodology or models used by IWA to value The Vineyard. The term "Confidential Information", however, does not include any information that was or is readily available to the general public.

14) If Denney or any employees or associates becomes obligated, or believe that they will become obligated, by law, by any governmental agency or by any other person or entity to disclose any "Confidential Information", they shall forthwith notify IWA of that requested disclosure and shall give IWA sufficient time to respond before making any such disclosure. Upon request, or at the end of discussions with any buyer, Denney agrees to return all confidential information provided by IWA relating to any buyers, to IWA within five (5) days of such request.

15) Denney agrees that IWA will be identified as having worked with Denney in any press releases announcing any transactions that result from this Agreement. IWA will be identified in each press release by the inclusion of the following phrase: "International Wine Associates, Healdsburg, California serves as the exclusive strategic advisor and broker to Denney in this transaction."

Case: 10-59704   Doc# 27   Filed: 11/03/10   Entered: 11/03/10 14:58:20   Page 12 of 17

16) Denney will indemnify, hold harmless and defend IWA against any owner, creditor or shareholder claims against IWA arising out of the listing for a sale of the Vineyard as described herein.

17) This Letter of Engagement shall be governed by the laws of the State of California.

If the above correctly sets forth our entire understanding, please sign and return a copy of this Letter of Engagement by mail and facsimile.

Very truly yours,

Robert M. Nicholson
INTERNATIONAL WINE ASSOCIATES

Sally O'Neill Nicholson, Broker
INTERNATIONAL WINE ASSOCIATES

Agreed and accepted by Robert H. Denney this 22nd day of December, 2008.

By: _____
Mr. Robert H. Denney

By: _____
Mr. Robert H. Denney
Denney Farms Ltd., limited partnership,
Robert H. Denney, sole G.P. and majority L.P.

By: _____
Mr. Robert H. Denney
Hames Valley Vineyards, Inc. C Corp.
Robert H. Denney, President and sole shareholder

# Exhibit B

# INTERNATIONAL WINE ASSOCIATES

GLOBAL WINE ADVISORS – CORPORATE FINANCE – GENERAL MANAGEMENT – MARKETING –
VINEYARD BROKERS
POST OFFICE BOX 1330, 625 HEALDSBURG AVENUE
HEALDSBURG, CALIFORNIA 95448, U.S.A

Robert M. Nicholson
Josh Grace
Sally Nicholson, Broker

Telephone: (707) 433-8122
Facsimile: (707) 433-7519
E-Mail: robert@intlwine.com
http://www.intlwine.com

September 1, 2010

Mr. Robert H. Denney
Denney Farms Ltd.
P.O. Box 450
Bradley, CA 93426

Dear Mr. Denney:

## EXTENSION TO EXCLUSIVE SALES LISTING AND CONSULTING AGREEMENT

This letter will serve as an extension ("Extension") to our Exclusive Sales Listing and Consulting Agreement ("Agreement") dated December 19, 2008 and shall confirm the mutual understanding between International Wine Associates ("IWA") and Denney Farms Ltd. and IWA's continued representation of Hames Valley Vineyards under the terms and conditions agreed to herein and in the Agreement.

*2011 RHD.*

International Wine Associates (IWA) shall continue to represent Denney Farms Ltd. from September 1, 2010 to September 1, ~~2042~~ ("the Term") from the date of signature of this Extension and under the same terms and conditions as mutually agreed in the Agreement, exclusive of any reimbursed expenses. IWA will continue to market the property; to review the property with targets that have already been presented by IWA and to continue to present the property to new target buyers.

All other terms and conditions shall remain as mutually agreed in the Agreement dated December 19, 2008.

If the above outline correctly summarizes our understanding, please sign and return a copy of this Extension by mail and facsimile.

Very truly yours,

*Sally Nicholson*

Sally Nicholson, Broker
INTERNATIONAL WINE ASSOCIATES, INC.

INTERNATIONAL WINE ASSOCIATES            1
WWW.INTLWINE.COM

Mr. Robert H. Denney

September 1, 2010

Agreed and accepted by Robert H. Denney this 22 day of September, 2010.

By: _____
Mr. Robert H. Denney

By: _____
Mr. Robert H. Denney
Denney Farms Ltd., limited partnership,
Robert H. Denney, sole G.P. and majority L.P.

By: _____
Mr. Robert H. Denney
Hames Valley Vineyards, Inc. C Corp.
Robert H. Denney, President and sole shareholder

# CERTIFICATE OF SERVICE

I am employed in the County of Monterey, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 295 S Main Street, Suite 600, Salinas, CA 93901

On the date set forth below, I caused the following document(s) entitled:

1. Application to Employ International Wine Associates as Real Estate Broker; Declaration of Sally Nicholson in Support Thereof; Statement of Compensation and Connections

To be served on the party(ies) or its (their) attorney(s) of record in this action listed below by the following means:

**XX** **(BY MAIL)** By placing each envelope (with postage affixed thereto) in the U.S. Mail at Johnson & Moncrief, PLC, 295 S Main Street, Suite 600, Salinas, California. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

_____ **(BY HAND-DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

_____ **(BY OVERNIGHT DELIVERY)** By placing with Federal Express and/or UPS a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Johnson & Moncrief, PLC at the address(es) shown below.

_____ **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof by facsimile transmission from facsimile number (831) 759-0902 to interested party(ies) of their attorney of record to said action at the facsimile number(s) shown below.

**XX** **(BY ELECTRONIC FILING)** By filing said document(s) and transmission of the Notification of Electronic Filing by the Clerk to a Registered Participant(s), addressed as follows:

addressed as follows:

| |  |
|---|---|
| **Office of the U.S. Trustee / SJ**<br>U.S. Federal Bldg.<br>280 S 1st St. #268<br>San Jose, CA 95113-3004<br>USTPRegion17.SJ.ECF@usdoj.gov | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 3, 2010, in Salinas, California.

_____
Kelli Stokes

Certificate of Service
Case No. 10-59704

Case: 10-59704    Doc# 27    Filed: 11/03/10    Entered: 11/03/10 14:58:20    Page 17 of 17