1 Paul W. Moncrief, Esq. SBN 204239
2 David S. Henshaw, Esq. SBN 271226
   JOHNSON & MONCRIEF, PLC
3 295 S. Main Street, Suite 600
   Salinas, California 93901
4 Telephone: (831) 759-0900
   Facsimile: (831) 759-0902
5
6 Attorneys for Debtor in Possession

7

8 IN THE UNITED STATES BANKRUPTCY COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 SAN JOSE DIVISION

11

12 In re:                                    ) CASE NO. 10-59704
                                            )
13 DENNEY FARMS, a California Limited        ) Chapter 11
   Partnership,                             )
14                                          ) Date:    February 11, 2011
          Debtor in Possession.            ) Time:    1:15 p.m.
15                                          ) Place:   280 South First Street, Room 3035
   Tax ID #:   77-0306850                   )          San Jose, CA 95113-3099
16 Address:    72120 Jolon Road             )
               Bradley, CA 93426            ) Judge:   Weissbrodt
17                                          )
                                            )
18                                          )

19

20    **NOTICE OF MOTION AND MOTION TO EXTEND DEBTOR'S EXCLUSIVITY
      PERIOD TO FILE A PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND**
21            **DECLARATION OF PAUL W. MONCRIEF THEREOF**

22        TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE AND ALL

23 PARTIES IN INTEREST:

24        NOTICE IS HEREBY GIVEN that on February 11, 2011 at 1:15 p.m., or as soon

25 thereafter as the matter may be heard in Courtroom 3020 of the above-entitled court located at

26 280 South First Street, Suite 3035, San Jose, CA 95113-3099, Debtor in Possession DENNEY

27 FARMS, a California Limited Partnership ("Debtor") will move the Court for an extension of the

28 exclusivity period for Debtor to file a Chapter 11 plan.

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration
1
*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

1     This Motion is premised upon the fact that Debtor is still attempting to negotiate with its

2 largest creditor, Farm Credit West, PCA terms a plan or liquidation. Additionally, no trustee has

3 been appointed in the case, and the court has not ordered that the period for filing a plan be

4 shortened or otherwise altered. Notice is hereby given in accordance with Fed. R. Bankr. Proc.

5 9006(d).

6     This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

7 Points and Authorities, the attached Declaration of Paul W. Moncrief with Exhibits thereto, as

8 well as other evidence that may be produced at the time of the hearing on the Motion.

9 Date: January 14, 2011              JOHNSON & MONCRIEF

10

11

12                             Paul W. Moncrief, Attorney for
Debtor in Possession DENNEY

13                             FARMS, a California Limited
Partnership

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration

2                                 *In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Debtor in Possession Denney Farms, a California Limited Partnership (hereinafter known as "Debtor") seeks to extend the period of exclusivity to file a Chapter 11 plan for a minimum of sixty (60) days, pursuant to 11 U.S.C. § 1121. Cause exists for such an extension exists in that Debtor requires sufficient time to negotiation a proper reorganization plan and prepare adequate financial information to support such a plan. Debtor has been faithfully working towards creation of a plan, but has encountered a number of unexpected circumstances that have changed Debtor's financial position. Lastly, Debtor is facing a motion for relief from stay from its largest creditor, the result of which will severely alter Debtor's property rights and overall abilities in reorganization. Therefore, the Motion to Extend Debtor's Period of Exclusivity should be granted.

### II.    Facts

Debtor produces wine grapes on over 1,000 acres of vineyards in south Monterey County. On September 17, 2010, Debtor filed its petition for Chapter 11 bankruptcy protection with the court. Since filing its petition, Debtor has worked with its largest creditor, Farm Credit West, PCA ("Farm Credit") to create a suitable budget, sell the real property that makes up the substantial majority of the estate, and create a working and realistic plan of reorganization. Specifically, on or about October 13, 2010, Debtor submitted to Farm Credit's counsel a twelve (12) month budget of operation in an effort to petition Farm Credit for a stipulation for the use of cash collateral to continue ongoing business. A true and correct copy of the sent budget is attached to the Declaration of Paul W. Moncrief as Exhibit "A". Farm Credit ultimately rejected that budget, and the parties have settled on other measures to fund ongoing operations.

On or about November 3, 2010, Debtor filed an application to employ a real estate broker to assist in the sale of the substantial majority of Debtor's land. That application was granted on November 9, 2010. The broker pursued and found a potential buyer for Debtor's real property asset. A contract for sale of Debtor's real property was signed on November 16, 2011. A true and correct copy of the real estate contract is attached to the Declaration of Paul W. Moncrief as

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration

3

*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

Case: 10-59704    Doc# 52    Filed: 01/14/11    Entered: 01/14/11 16:17:19    Page 3 of 22

1    However, the terms that the potential buyer sought were not acceptable to Farm Credit, the lender
2    the potential buyer sought to use in funding the transaction.  The broker is still pursuing buyers
3    for the property.

4         Debtor is still pursuing its options in going forward in the reorganization.  While still
5    looking for a suitable buyer of the assets of the company, Debtor is also reviewing the true
6    financial resources necessary to continue in its current form given the somewhat cyclical nature
7    of the wine grape business.

8         From the date of filing its Chapter 11 petition on September 17, 2010, to the date of this
9    Motion, Debtor has made payments to Farm Credit over $600,000.  A true and accurate copy of
10   documentation establishing payments to Farm Credit from Debtor is attached to the Declaration
11   of Paul W. Moncrief as Exhibit "C".  Additionally, Debtor has reason to believe that
12   approximately $400,000 are due from its 2010 harvest sales in the next two months, the entirety
13   of which is earmarked to be paid to Farm Credit.

14        Farm Credit, on January 4, 2011, scheduled a hearing seeking relief from the automatic
15   stay in this case.  The hearing was originally scheduled for January 18, 2011.  However, Farm
16   Credit has requested a continuance on the hearing to a date unknown to Debtor, as of the date of
17   this Motion.

18   **III.    Argument**

19        Unless a trustee has been appointed or the court orders otherwise, on a Chapter 11 Debtor
20   in Possession has the right to propose a plan during the first 120 days after a voluntary Chapter
21   11 petition is filed.  11 U.S.C. § 1121(b) & (c)(2).  For "cause" and after notice and hearing, the
22   court may extend the exclusivity period.  (11 U.S.C. § 1121(d)(1).  This authority assists the
23   court in maintaining the balance of negotiating power between the Debtor in Possession and its
24   creditors.  *In re Tony Downs Foods Co.*, 34 B.R. 405, 407-408 (Bankr. D. Minn. 1983).

25        While the Bankruptcy Code does not define or delineate what qualifies as "cause" for
26   purposes of extending the exclusivity period, the determination lies within the court's discretion.
27   *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 407-409 (Bankr. E.D. NY 1989).
28   Relevant factors in the court's decision to extend the period include:

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration
4
*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

Case: 10-59704    Doc# 52    Filed: 01/14/11    Entered: 01/14/11 16:17:19    Page 4 of 22

1     (1) the necessity of sufficient time to permit the debtor to negotiate a reorganization plan

2          and prepare adequate information;

3     (2) the existence of good faith progress toward reorganization;

4     (3) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

5     (4) whether the debtor has made progress in negotiations with its creditors;

6     (5) the amount of time that has elapsed in the case; and

7     (6) whether am unresolved contingency exists.

8     *In re Henry Mayo Newhall Memorial Hosp.*, 282 B.R. 444, 452 (9th Cir. B.A.P. 2002).

9 A request to extend the exclusivity period is to be made before the period in question expires. 11

10 U.S.C. § 1121(d)(1). So long as the motion is filed before the exclusivity period expires, it can

11 be heard after the period expires. *Id.*

12     In this case, no trustee has been appointed. Further, the court has not ordered that anyone

13 but Debtor has to propose a plan during the initial exclusivity period. Debtor seeks to extend the

14 exclusivity period to file a plan on the grounds that it is currently attempting to negotiate with its

15 largest creditor, Farm Credit. Included within these negotiations are the terms of continuing

16 business, the business operations that would be suitable for both parties, and a feasible payment

17 plan on the debt owed.

18     Lastly, Farm Credit has sought for relief from the automatic stay in this matter on January

19 4, 2011. Farm Credit's motion for relief from stay is set to be heard on January 18, 2011. Debtor

20 is currently attempting to negotiate options both in lieu of Farm Credit's motion and options

21 should the motion be either granted or denied.

22     For the preceding reasons, Debtor has cause to extend the exclusivity period to file its

23 plan of reorganization under Chapter 11 of the Bankruptcy Code. Debtor believes that with the

24 sixty (60) day extension it will be able to formulate a plan that promotes the interests of all

25 parties involved in this matter.

26 / / /

27 / / /

28 / / /

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration
*In re Denney Farms, a California Limited Partnership*
5
Case No. 10-59704

**IV.    Conclusion**

Debtor has met its burden to establish cause to extend its period of exclusivity.  As such, Debtor's period of exclusivity to file a Chapter 11 plan in this case should be extended for sixty days from the date of the order.

Date: January 14, 2011                                          JOHNSON & MONCRIEF

Paul W. Moncrief, Attorney for
Debtor in Possession DENNEY
FARMS, a California Limited
Partnership

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration

6

*In re Denney Farms, a California Limited Partnership*
Case No. 10-59704

# DECLARATION OF PAUL W. MONCRIEF

1.    I, Paul W. Moncrief, declare as follows:

1.    I am an attorney duly licensed to practice in the State of California and before the United States Bankruptcy Court for the Northern District of California. I am counsel to Debtor in Possession Denney Farms, a California Limited Partnership ("Debtor") in this Chapter 11 case. This Declaration is made in support of Debtor's Motion to Extend Debtor's Exclusivity Period to File a Plan. The matters set forth herein are of my own personal knowledge and, if called upon to do so, I could and would competently testify as to the truth of these matters, except those matters set forth on information and belief, as to which I am informed and believe are true.

2.    Debtor is a wine grape vineyard owner and operator in south Monterey County. Debtor filed for Chapter 11 bankruptcy protection on September 17, 2010.

3.    The substantial majority of Debtor's debt is controlled by one creditor, Farm Credit West, PCA ("Farm Credit").

4.    Since the inception of Debtor's bankruptcy case I have worked with Farm Credit's attorneys on various issues. For example, we submitted a twelve (12) month revenue projection and expense budget to Farm Credit on October 10, 2010. A true and correct copy of the revenue projection and budget submitted to Farm Credit is attached hereto as Exhibit "A". This budget presumed that Debtor would continue to manage the vineyard operations. Ultimately, the proposed budget was rejected by Farm Credit.

5.    Additionally, on November 9, 2010, this Court granted Debtor's Application to employ International Wine Associates ("IWA") as a real estate broker for Debtor's property. On or about November 16, 2010, IWA provided Debtor with a contract for the sale of Debtor's property from a buyer who was prepared to purchase Debtor's property. A true and correct copy of the real estate sales contract is attached hereto as Exhibit "B". Ultimately, the potential buyer wanted to be funded through Farm Credit at terms Farm Credit rejected. It is my understanding that IWA is still pursuing buyers for Debtor's property.

/ / /

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration
*In re Denney Farms, a California Limited Partnership*
7
Case No. 10-59704

6.      Debtor is still pursuing options for either a reorganization of its business operations or a sale of the real property comprising the majority of the assets of the business.

7.      From the date of the filing of Debtor's bankruptcy petition on September 17, 2010, to the date of this Declaration, Debtor has made over $600,000 in payments to Farm Credit.  A true and correct copy of the payment details is attached hereto as Exhibit "C".  These payments are in large part from the 2010 wine grape harvest.  Payments were made either directly from the grape purchasers to Farm Credit or from the purchasers to Debtor, who then transmitted the funds to Farm Credit.  Debtor estimates that approximately an additional $400,000 in harvest sales funds are expected to be paid to Farm Credit from the 2010 season within the next two months.

8.      On January 4, 2011, Farm Credit filed a motion to obtain relief from the automatic stay.  That motion was originally scheduled for January 18, 2011, but a request from Farm Credit's attorney to continue the motion was requested.  The date of the hearing on the motion is unknown as of the date of this Declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of January, 2011, at Salinas, California.

Paul W. Moncrief

Case: 10-59704   Doc# 52   Filed: 01/14/11   Entered: 01/14/11 16:17:19   Page 8 of 22

Notice and Motion to Extend Debtor's Exclusivity Period to File a Plan; Memorandum of Points and Authorities; Declaration

8

*In re Denney Farms, a California Limited Partnership*

Case No. 10-59704

# EXHIBIT A

**Denney Farms, L.P.**
**Projected Revenue**
**October 1, 2010 - September 30, 2011**

| | Oct-10 | Nov-10 | Dec-10 | Jan-11 | Feb-11 | Mar-11 | Apr-11 | May-11 | Jun-11 | Jul-11 | Aug-11 | Sep-11 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Bulk Wine (1)** | | | | | | | | | | | | |
| 2009 Merlot Robert Hall Winery 8,642 Gal | | | | | | | | $25,420.00 | | | | |
| 2009 Merlot Tolosa Winery 45,620 Gal | | | | | | | | $134,195.00 | | | | |
| 2010 Sauvignon Blanc Castoro Cellars 19,968 Gal | | | | | | | $37,800.00 | | | | | |
| **2010 Grapes (2)** | | | | | | | | | | | | |
| Hahn 400 tons Cab Sauv @ $907/ton | | $90,700.00 | $90,700.00 | | | | | | | | | |
| Delicato 812 tons Cab Sauv @ $675/ton | | $274,050.00 | $274,050.00 | | | | | | | | | |
| Herzog 159.69 tons Merlot @ $800/ton | $63,876.00 | | | | | | $63,876.00 | | | | | |
| Scheid 400 tons Merlot @ $650/ton | | | $130,000.00 | | | | | | | | | |
| Wine Group 624 tons Merlot @ $400/ton | | $249,600.00 | | | | | | | | | | |
| 70 tons Syrah @ $400/ton | | $28,000.00 | | | | | | | | | | |
| Hahn 25 tons Cab Franc @ $900/ton | | $11,250.00 | $11,250.00 | | | | | | | | | |
| 70 tons Cab Franc @$1220 | | $42,700.00 | $42,700.00 | | | | | | | | | |
| **Total** | $63,876.00 | $696,300.00 | $548,700.00 | $0.00 | $0.00 | $0.00 | $101,676.00 | $159,615.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**12 Month Revenue Total** $1,570,167.00

(1) Buck wine has 8 months of payment based upon recent price and payments
(2) Grape Sales based upon existing contract tons estimated from preharvest estimates from 9/26/2010 17% harvested, aggregate yields 5% above

Case 10-09504   Doc 32   Filed 01/14/11   Entered 01/14/11 16:17:19   Page 10 of 22

Denney Farms, LP
Chapter 11 Projected Expenses
October 1, 2010 – September 30, 2010

| Expense Item | Oct. 2010 | Nov. 2010 | Dec. 2010 | Jan. 2011 | Feb. 2011 | Mar. 2011 | Apr. 2011 | May 2011 | June 2011 | July 2011 | Aug. 2011 | Sep. 2011 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Contract Labor | $10,000 | $10,000 | $10,000 | $10,000 | $30,000 | $60,000 | $16,000 | $24,000 | $20,000 | $10,000 | $10,000 | $10,000 | $220,000 |
| Fertilizer | | | | | | | | | | | | | $0 |
| Pest Control/Herbicide | | $8,000 | $8,000 | | | $10,000 | $11,000 | | | | | | $33,000 |
| Misc. Supplies | $15,000 | $15,000 | $15,000 | | $16,000 | | | | | | | | $71,600 |
| Irrigation Fuel | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $12,000 |
| Trellis R&M | | | $15,000 | | | $30,000 | $94,000 | | | | | | $126,000 |
| Irrigation R&M | | | | | | | | | | | | | $40,000 |
| Misc. R&M | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | | | | | | | $24,000 |
| Machine Harvest | $20,000 | $80,000 | | | | | | | | | | | $100,000 |
| Grape Trucking | $20,000 | $35,600 | | | | | | | | | | | $55,600 |
| Equipment Rent | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $42,000 |
| Equipment R&M | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $42,000 |
| Fuel & Oil | $10,000 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $48,500 |
| Contract Mgmt | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $9,900 | $118,800 |
| Property Taxes | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $7,200 | $4,500 | $3,000 | $3,000 | $3,000 | $3,000 | $3,000 | $94,000 |
| Legal & Acct. | $1,500 | | | | | | | $4,500 | | | | | $36,000 |
| Insurance | | | | | | | | | | | | | $13,200 |
| Misc. G&A | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $12,000 |
| Vineyard Rent | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $4,375 | $52,500 |
| Grape Sales Commission | | $25,000 | $25,000 | | | | | | | | | | $25,000 |
| Utilities | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $1,450 | $17,400 |
| Total | $105,225 | $180,825 | $105,225 | $42,225 | $78,225 | $126,425 | $197,725 | $98,225 | $75,225 | $59,225 | $78,825 | $47,225 | $1,194,600 |
| Projected Revenue* | $63,876 | $696,300 | $548,700 | $0 | $0 | $0 | $101,676 | $159,615 | $0 | $0 | $0 | $0 | $1,570,167 |
| Projected Income* | -$41,349 | $515,475 | $443,475 | -$42,225 | -$78,225 | -$126,425 | -$96,049 | $61,390 | -$75,225 | -$59,225 | -$78,825 | -$47,225 | $375,567 |

\* Projected revenue based on included statement of Denney Farms, LP Projected Revenue (10/1/2010-9/30/2011)

# EXHIBIT B



THIS FORM FOR USE
IN CALIFORNIA ONLY

Real Estate Forms
Since 1989

# LAND PURCHASE AGREEMENT

## DEFINITIONS

*BROKER* includes cooperating broker and all sales persons. *DAYS* means calendar days, midnight to midnight, unless otherwise specified. *BUSINESS DAY* excludes Saturdays, Sundays and legal holidays. *DATE OF ACCEPTANCE* means the date Seller accepts the offer or the Buyer accepts the counter offer, and the written acceptance is put in the course of transmission to the other party. This rule also applies to the removal of contingencies. *DELIVERED* means personally delivered, transmitted electronically in accordance with applicable laws, by a nationally recognized overnight courier, or by first class mail, postage prepaid. In the event of mailing, the document will be deemed delivered three (3) business days after deposit; in the event of overnight courier, one (1) business day after deposit; and if electronically at the time of transmission provided that a transmission report is generated and retained by the sender reflecting the accurate transmission of the document. Unless otherwise provided in this Agreement or by law, delivery to the agent will constitute delivery to the principal. *DATE OF CLOSING* means the date title is transferred. *TERMINATING THE AGREEMENT* means that both parties are relieved of their obligations and all deposits will be returned to Buyer. *PROPERTY* means the real property and any personal property included in the sale.

**AGENCY RELATIONSHIP CONFIRMATION.** The following agency relationship is hereby confirmed for this transaction and supersedes any prior agency election:

LISTING AGENT: _____ International Wine Associates _____ is the agent of (check one):

☒ the Seller exclusively; or ☐ both the Buyer and the Seller.

SELLING AGENT: _____ (Print Firm Name) _____ (if not the same as the Listing Agent) is the agent of (check one):

☐ the Buyer exclusively; or ☐ the Seller exclusively; or ☐ both the Buyer and the Seller.

*Note: This confirmation DOES NOT take the place of the AGENCY DISCLOSURE form (P.P. Form 110.42 CAL) required by law*

Mr. John Wagner _____ hereinafter designated as BUYER, offers to purchase the real property situated in _____ Bradley _____, County of Monterey _____, California, consisting of approximately _____ 1,080 _____ ☒ acres, ☐ sq. ft. commonly known as _ Hames Valley Vineyard, 72120 Jolon Rd Bradley, CA 93426 _____, FOR THE PURCHASE PRICE OF $ _ 10,000,000.00 _ (Ten million dollars) on the following terms and conditions:

## 1. FINANCING TERMS.

A. $ ___10,000.00___ **DEPOSIT** evidenced by ☒ check, or ☐ other: _____
held uncashed until acceptance and not later than three (3) business days thereafter deposited toward the purchase price with _____

B. $ _____ **ADDITIONAL CASH DEPOSIT** to be placed in escrow ☒ within __5__ days after acceptance, ☐ upon removal of all conditions.

C. $ _____ **BALANCE OF CASH PAYMENT** needed to close, not including closing costs.

D. $ _____ **BONDS OR ASSESSMENTS** of record if assumed by buyer.

E. $ ___9,990,000.00___ **OTHER FINANCING TERMS:** Farm Credit West to finance total purchase price for 7 years @ 3.25%

H. $ ___10,000,000.00___ **TOTAL PURCHASE PRICE** (not including closing costs).

## 2. EXAMINATION OF TITLE.

In addition to any encumbrances assumed or taken "subject to," Seller will convey title to the property subject only to: [1] real estate taxes not yet due; and [2] covenants, conditions, restrictions, rights of way and easements of record, if any.

Within three (3) days after acceptance, Buyer will order a Preliminary Title Report and copies of CC&Rs and other documents of record if applicable. Within five (5) days after receipt, Buyer will report to Seller in writing any valid objections to title contained in such report (other than monetary liens to be paid upon close of escrow). If Buyer objects to any exceptions to the title, Seller will use due diligence to remove such exceptions at his or her own expense before close of escrow. If such exceptions cannot be removed before close of escrow, this Agreement will terminate, unless Buyer elects to purchase the property subject to such exceptions. If Seller concludes he or she is in good faith unable to remove such objections, Seller will so notify Buyer within ten (10) days after receipt of said objections. In that event Buyer may terminate this Agreement.

## 3. OPTIONAL CONDITIONS.

Provisions 3-A through 3-G, if initialed below by Buyer, are included in this Agreement:

[ _____ ] A. **SOIL TESTS.** Upon acceptance of this Agreement, Buyer will have the right to go on the property to conduct soil tests, including percolation tests, to ascertain whether the property is suitable for the improvements which Buyer proposes to make. All expenses of such tests will be borne by the ☒ Buyer, ☐ Seller. Buyer will be responsible for the repair and

Buyer [ JW ] [ _____ ] and Seller [ _____ ] [ _____ ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 1 of 6
FORM 101-LA.1 CAL (6-2009) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA

**PROFESSIONAL PUBLISHING**

Form generated by: TrueForms™ from REVEAL SYSTEMS, Inc. 800-499-9612

**Property Address:**   Hames Valley Vineyard, Jolon Road                Bradley, CA 93426

restoration of any damage to the property which may be caused by such tests. If in the reasonable opinion of the soils engineer, employed by Buyer, the property is not suitable for the proposed development, Buyer may terminate this Agreement. Buyer will approve or disapprove the results of the tests in writing within   30   days of acceptance.

[_____] **B. SURVEY.** Upon acceptance of this Agreement, a boundary line survey will be made by a licensed surveyor at the expense of the ☒ Buyer, ☐ Seller. The surveyor will set and flag all property lines, to be approved in writing by Buyer prior to close of escrow.

[_____] **C. PRICE BASED ON AREA.** The purchase price is based upon $_____ ☐ per acre, ☐ per square foot, and ☐ will, ☒ will not be adjusted in accordance with the area set forth in the survey under Provision 3-B.

[_____] **D. GEOLOGICAL REPORT.** Upon acceptance of this Agreement, Buyer will have the right to obtain a geological report from a registered geologist at the expense of ☒ Buyer ☐ Seller. Buyer will be deemed to have approved said report unless written notice to the contrary is delivered to Seller or his or her Broker within   30   days of acceptance. In the event of disapproval, Buyer may terminate this Agreement.

[_____] **E. WELL REPORT.** Upon acceptance of this Agreement, Buyer will obtain a well report from a licensed well drilling contractor at the expense of ☒ Buyer, ☐ Seller. Buyer will approve or disapprove the results of the tests in writing within   30   days of acceptance. In the event of disapproval, Buyer may terminate this Agreement.

[_____] **F. CERTIFICATE OF COMPLIANCE.** This offer is conditioned upon obtaining a Conditional Certificate of Compliance from   Monterey County   , at the expense of ☒ Buyer ☐ Seller within   30   days of acceptance. (Under Government Code §66499.35, a buyer or seller may apply to the local agency for a certificate that all of the subdivision laws applicable to the lot have been satisfied.)

[_____] **G. TAX DEFERRED EXCHANGE (INVESTMENT PROPERTY).** In the event Seller wishes to enter into a tax deferred exchange for the property, or Buyer wishes to enter into a tax deferred exchange with respect to property owned by him or her in connection with this transaction, each of the parties agrees to cooperate with the other party in connection with such exchange, including the execution of such documents as may be reasonably necessary to complete the exchange, provided that: (a) the other party will not be obligated to delay the closing; (b) all additional costs in connection with the exchange will be borne by the party requesting the exchange; (c) the other party will not be obligated to execute any note, contract, deed or other document providing for any personal liability which would survive the exchange; and (d) the other party will not take title to any property other than the property described in this Agreement. The other party will be indemnified and held harmless against any liability which arises or is claimed to have arisen on account of the exchange.

**4. BONDS AND ASSESSMENTS.** All bonds and assessments which are part of or paid with the property tax bill will be assumed by the Buyer. In the event there are other bonds or assessments which have an outstanding principal balance and are a lien upon the property, the current installment will be prorated between Buyer and Seller as of the date of closing. Future installments will be assumed by Buyer WITHOUT CREDIT toward the purchase price, EXCEPT AS FOLLOWS:

_____

This Agreement is conditioned upon both parties verifying and approving in writing the amount of any bond or assessment to be assumed or paid within ten (10) days after receipt of the preliminary title report or property tax bill, whichever is later. In the event of disapproval, the disapproving party may terminate this Agreement.

**5. EVIDENCE OF TITLE** will be in the form of a policy of title insurance, issued by _____   Steward Title Company   paid by ☒ Buyer, ☐ Seller, ☐ Other _____  **NOTE:** In addition to coverage under a standard CLTA policy, the ALTA Owner's Policy, or CLTA Homeowner's Policy of Title Insurance may offer additional coverage for a number of unrecorded matters. Buyer should discuss the type of policy with the title company of their choice at the time escrow is opened. In the event a lender requires an ALTA lender's policy of title insurance, ☒ Buyer, ☐ Seller will pay the premium.

**6 PRORATIONS.** Rents, real estate taxes, interest, payments on bonds and assessments assumed by Buyer, and homeowners association fees will be prorated as of the date of recordation of the deed. Security deposits, advance rentals, or considerations involving future lease credits will be credited to Buyer.

**7. CLOSING.** Full purchase price to be paid, deed to be recorded, and physical possession of the property to be delivered ☐ on or before _____, or ☒ within   60   days of acceptance. If the closing date falls on a Saturday, Sunday or holiday, the close of escrow will be on the next business day. Both parties will deposit with an authorized escrow holder, to be selected by Buyer, all funds and instruments necessary to complete the sale in accordance with the terms of this Agreement. ☒ Where customary, signed escrow instructions will be delivered to escrow holder within   10   days of acceptance. Escrow fee to be paid by  60/50 Buyer/Sell . County/City Transfer Tax(es), if any, to be paid by   Seller   . Unless the transaction is exempt, the escrow holder is instructed to remit the required tax withholding amount to the Franchise Tax Board from the proceeds of sale.

**THIS PURCHASE AGREEMENT TOGETHER WITH ANY ADDENDA WILL CONSTITUTE JOINT ESCROW INSTRUCTIONS TO THE ESCROW HOLDER.**

Buyer [DV_] [_____] and Seller [_____] [_____] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 2 of 6
FORM 101-LA.2 CAL (6-2009) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by: TrueForms™ from REVEAL® SYSTEMS, Inc. 800-499-9612

⬛ PROFESSIONAL
⬛ PUBLISHING

Property Address:    _____Hames Valley Vineyard, Jolon Road,_____    Bradley, CA 93426

**8 VESTED TITLE.** The manner of taking title may have significant legal and tax consequences. Buyer should obtain advice from his or her legal or tax counsel regarding this matter.

**9. PROPERTY INVESTIGATIONS.** This Agreement is contingent upon Buyer's independent investigation of the following conditions relating to the property.
  A.  Zoning and land use designations and requirements.
  B.  Availability of utilities and costs of development.
  C.  Toxic contamination.
      Buyer will approve or disapprove in writing all inspection reports within fifteen (15) (or ☒ __30__ ) days after acceptance. In the event of Buyer's disapproval, Buyer may, within the time stated or mutually agreed upon extension, elect to terminate this Agreement.

**10. MEDIATION OF DISPUTES.** If a dispute arises out of or relates to this Agreement or its breach, by initialing in the "agree" spaces below the parties agree to first try in good faith to settle the dispute by voluntary mediation before resorting to court action or arbitration, unless the dispute is a matter excluded under Item 12 – ARBITRATION. Any fee to initiate the mediation will be paid by Seller, provided that the mediation costs and fees, including any initiation fee, ultimately will be borne as determined by the parties. If mediation does not resolve the dispute and arbitration or litigation is pursued, then the costs of mediation, including any initiation fee, shall be borne as determined by the arbitrator or the court. If a party initials the "agree" space and later refuses mediation, that party will not be entitled to recover prevailing party attorney fees in any subsequent action.

[  ] [_____] Buyer agrees.          [     ] [     ] Buyer does not agree.

[  ] [_____] Seller agrees.          [     ] [     ] Seller does not agree.

**11. DEFAULT - LIQUIDATED DAMAGES.**
  A.  If the escrow does not close on or before the date set forth in Item 13, or a later closing date mutually agreed to by the Seller and Buyer, within 15 days after closing date set forth in Item 13, or the extended closing date mutually agreed to by Seller and Buyer, Seller will, except as provided in (B) below, order all of the moneys remitted by Buyer under the terms of this contract to be refunded to Buyer.
  B.  If Buyer fails to complete the purchase of the property because of a default by Buyer, Seller may pursue any remedy in law or equity that it may have against Buyer on account of the default; provided, however, that by placing their initials here, Buyer [_____] [_____] and Seller [_____] [_____] agree that:
    1.  $_____, an amount not to exceed the money deposited by Buyer under this contract will constitute liquidated damages payable to Seller if Buyer fails to complete the purchase of the property because of a default by Buyer.
    2.  The payment of such liquidated damages to Seller will constitute the exclusive remedy of Seller on account of any default by Buyer.
    3.  Liquidated damages will be payable to Seller out of Buyer's deposits toward purchase of the property according to the following procedures:
      a.  The Seller will give written notice ("Seller's notice and demand"), in the manner prescribed by §116.340 of the Code of Civil Procedure for service in a small claims action, to escrow holder and to Buyer that Buyer is in default under this Agreement and that Seller is demanding that the escrow holder remit the aforesaid amount from the deposits to Seller as liquidated damages unless, within twenty (20) days, Buyer gives the escrow holder Buyer's written objection to disbursement of said deposits as liquidated damages ('Buyer's objection').
      b.  Buyer will have a period of 20 days from the date of receipt of Seller's notice and demand in which to give the escrow holder Buyer's objection.
      c.  If Buyer fails to give the escrow holder Buyer's objection within 20 days from the date of receipt of Seller's notice and demand: (a) escrow holder will promptly remit the amount demanded to Seller; and (b) Seller is released from any obligation to sell the property to Buyer.
      d.  If Buyer gives escrow holder Buyer's objection within 20 days from the date of receipt of Seller's notice and demand, then the determination as to whether Seller is entitled to the disbursement of the deposits as liquidated damages, and every other cause of action that has arisen between Buyer and Seller under this Agreement, will be settled by arbitration in accordance with the provisions of Item 10, ARBITRATION OF DISPUTES, provided that both the Buyer and Seller have initialed the "agree" space in said provision. If the arbitration clause is not initialed by both parties, any dispute will be resolved by mediation or appropriate court action.

**12. ARBITRATION OF DISPUTES.** Any dispute or claim in law or equity between Buyer and Seller arising out of this Agreement will be decided by neutral binding arbitration in accordance with the Commercial Rules of the American Arbitration Association, subject to the following:

Buyer [_____] [_____] and Seller [_____] [_____] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

FORM 101-LA.9 CAL (6-2009) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA

Form generated by TrueForms™ from REVEAL® SYSTEMS, Inc. 800-499-9612

PROFESSIONAL PUBLISHING

Case: 10-59704    Doc# 52    Filed: 01/14/11    Entered: 01/14/11 16:17:19    Page 15 of 22

**Property Address:** Hames Valley Vineyard, Jolon Road                    Bradley, CA 93426

(a) The parties will have the right to discovery in accordance with Code of Civil Procedure §1283.05;
(b) Any fee to initiate the arbitration will be paid by the Seller, provided that the arbitration costs and fees, including any initiation fee, ultimately will be borne as determined by the arbitrator;
(c) The venue of the arbitration proceeding will be in the county in which the property is located unless the parties agree to a different location;
(d) The arbitrator will be appointed within 60 days of the administrator's receipt of a written request to arbitrate the dispute. In selecting the arbitrator, the provisions of Section 1386.121 of the Code of Civil Procedure will apply;
(e) The arbitrator may be challenged for any of the grounds listed therein or in Section 1307.124;
(f) The arbitrator will be authorized to provide all recognized remedies available in law or equity for any cause of action that is the basis of the arbitration.
(g) A judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

The parties agree that the following procedure will govern the making of the award by the arbitrator: (i) A Tentative Award will be made by the arbitrator within thirty (30) days following submission of the matter to the arbitrator; (ii) the Tentative Award will explain the factual and legal basis for the arbitrator's decision as to each of the principal controverted issues; (iii) the Tentative Award will be in writing unless the parties agree otherwise; provided, however, that if the hearing is concluded within one (1) day, the Tentative Award may be made orally at the hearing in the presence of the parties. Within 15 days after the Tentative Award has been served or announced, any party may serve objections to the Tentative Award. Upon objections being timely served, the arbitrator may call for additional evidence, oral or written argument, or both. If no objections are filed, the Tentative Award will become final without further action by the parties or arbitrator. Within thirty (30) days after the filing of objections, the arbitrator will either make the Tentative Award final or modify or correct the Tentative Award, which will then become final as modified or corrected.

The following matters are excluded from arbitration: (a) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or real property sales contract as defined in Civil Code §2985; (b) an unlawful detainer action; (c) the filing or enforcement of a mechanic's lien; (d) any matter which is within the jurisdiction of a probate court, bankruptcy court, or small claims court; or (e) an action for bodily injury or wrongful death. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, will not constitute a waiver of the right to arbitrate under this provision.

NOTICE: By initialing in the "agree" space below you are agreeing to have any dispute arising out of the matters included in the "Arbitration of Disputes" provision decided by neutral arbitration as provided by California law and you are giving up any rights you might possess to have the dispute litigated in a court or jury trial. By initialing in the "agree" space below you are giving up your judicial rights to discovery and appeal, unless those rights are specifically included in the "Arbitration of Disputes" provision. If you refuse to submit to arbitration after agreeing to this provision, you may be compelled to arbitrate under the authority of the California Code of Civil Procedure. Your agreement to this arbitration provision is voluntary.

We have read and understand the foregoing and agree to submit disputes arising out of the matters included in the "Arbitration of Disputes" provision to neutral arbitration.

[  ] [  ] Buyer agrees        [  ] [  ] Buyer does not agree
[  ] [  ] Seller agrees        [  ] [  ] Seller does not agree

13. **ATTORNEY FEES.** In any action, arbitration, or other proceeding involving a dispute between Buyer and Seller arising out of the execution of this Agreement or the sale, whether for tort or for breach of contract, and whether or not brought to trial or final judgment, the prevailing party will be entitled to receive from the other party a reasonable attorney fee, expert witness fees, and costs to be determined by the court or arbitrator(s), except as provided in item 10 -- MEDIATION.

14. **ADDENDA.** The following addenda are attached and made a part of this Agreement:
☐ Form 101-LA.11, ADDENDUM TO LAND PURCHASE AGREEMENT (Subordination, Partial Reconveyances)
☐ Form 110.90-92 CAL, STANDARD DISCLOSURES AND DISCLAIMERS
☐ Form 110.27 CAL, NATURAL HAZARD DISCLOSURE
☐ OTHER:

15. **SURVIVAL.** The omission from escrow instructions of any provision in this Agreement will not waive the right of any party. All representations or warranties will survive the close of escrow.

16. **EXPIRATION OF OFFER.** This offer will expire unless acceptance is delivered to Buyer or to International Wine Associates (Buyer's Broker) on or before (date) November 23, 2010, (time) 5:00 ☐ a.m. ☒ p.m..

17. **COUNTERPARTS.** This Agreement may be executed in one or more counterparts, each of which is deemed to be an original.

Buyer [  ] [  ] and Seller [  ] [  ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.
Page 4 of 6
FORM 101-LA.4 CAL (6-2009) COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA
Form generated by: *TrueForms* from REVEAL® SYSTEMS, Inc. 800-499-9612

**PROFESSIONAL PUBLISHING**

Case: 10-59704    Doc# 52    Filed: 01/14/11    Entered: 01/14/11 16:17:19    Page 16 of 22

Property Address:    Hames Valley Vineyard, Jolon Road,                    Bradley, CA 93426

18. **TIME.** Time is of the essence of this Agreement; provided, however, that if either party fails to comply with any contingency in this Agreement within the time limit specified, this Agreement will not terminate until the other party delivers written notice to the defaulting party requiring compliance within 24 hours after receipt of notice. If the party receiving the notice fails to comply within the 24 hours, the non-defaulting party may terminate this Agreement without further notice. It is understood that neither the making of deposits nor the close of escrow is a contingency.

19. **CONDITIONS SATISFIED/WAIVED IN WRITING.** Each condition or contingency, covenant, approval or disapproval will be satisfied according to its terms or waived by written notice delivered to the other party or his or her Broker.

20. **ENTIRE AGREEMENT/ASSIGNMENT PROHIBITED.** This document contains the entire agreement of the parties and supersedes all prior agreements with respect to the property which are not expressly set forth. This Agreement may be modified only in writing signed and dated by both parties. Buyer may not assign any right under this agreement without the prior written consent of Seller. Any such assignment will be void and unenforceable.

21. **ADDITIONAL TERMS AND CONDITIONS.**

    1.) Purchase includes Parcels #423-091-26, 423-091-52, 423-091-53, 424-061-54, and 424-061-10.

    2.) Mr. Denney has use of the house and surrounding properties without rent for as long as he likes with an option to purchase the home ranch, terms to be negotiated after closing.

    3.) Buyer will deposit $2,600,000.00 into a FCW Future Payment Fund, for future farming costs, at closing.

Both parties acknowledge that they have not relied on any statements of the real estate Agent or Broker which are not expressed in this Agreement.

**LIMITATION OF AGENCY: A real estate broker or agent is qualified to advise on real estate. If you have any questions concerning the legal sufficiency, legal effect, insurance, or tax consequences of this document or the related transactions, consult with your attorney, accountant or insurance advisor.**

The undersigned Buyer acknowledges that he or she has thoroughly read and approved each of the provisions of this offer and agrees to purchase the property for the price and on the terms and conditions specified. Buyer acknowledges receipt of a copy of this Offer.

Buyer _John Wagner (signature)_              Date 11/16/        Time _____

Buyer _____                          Date _____    Time _____

Address  515 South Windsor Blvd., Los Angeles, CA 90020

## ACCEPTANCE

Seller accepts the foregoing Offer and agrees to sell the property for the price and on the terms and conditions specified.

NOTICE: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between the Seller and Broker.

22. **COMMISSION.** Seller agrees to pay in cash the following real estate commission for services rendered, which commission Seller hereby irrevocably assigns to Broker(s) from escrow:

    _5_ % of the accepted price, or $_____ to the listing Broker:    International Wine Associates    , and

    _____ % of the accepted price, or $_____ to the selling Broker: _____

    without regard to the agency relationship. Escrow instructions with respect to commissions may not be amended or revoked without the written consent of the Broker(s).

    If Seller receives liquidated or other damages upon default by Buyer, Seller agrees to pay Broker(s) the lesser of the amount provided for above or one half of the damages after deducting any costs of collection, including reasonable attorney fees.

    Commission will also be payable upon any default by Seller, or the mutual rescission by Buyer and Seller without the written consent of the Broker(s), which prevents completion of the purchase. This Agreement will not limit the rights of Broker and Seller provided for in any existing listing agreement.

    In any action for commission the prevailing party will be entitled to reasonable attorney fees whether or not the action is brought to trial or final judgment.

Buyer [ ] [        ] and Seller [        ] [        ] have read this page.

CAUTION: The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Page 5 of 6
FORM 101-LA.5 CAL (6-2009)  COPYRIGHT BY PROFESSIONAL PUBLISHING, NOVATO, CA.

Form generated by: TrueForms™ from REVEAL® SYSTEMS, Inc. 800-499-9612

**PROFESSIONAL PUBLISHING**

**Property Address:** ___Hames Valley Vineyard, Jolon Road,___ _____ ___Bradley, CA 93428___ _____

**23. PROVISIONS TO BE INITIALED.** The following items must be "agreed to" by both parties to be binding on either party. In the event of disagreement, Seller should make a counter offer.

    **Item 10.** MEDIATION OF DISPUTES      **Item 11.** LIQUIDATED DAMAGES      **Item 12.** ARBITRATION OF DISPUTES

Seller acknowledges receipt of a copy of this Agreement. Authorization is hereby given the Broker(s) in this transaction to deliver a signed copy to Buyer and to disclose the terms of purchase to members of a Multiple Listing Service, Board or Association of REALTORS® at close of escrow.

**24. IF CHECKED ☐ ACCEPTANCE IS SUBJECT TO ATTACHED COUNTER OFFER DATED** _____

Seller _____      Seller _____
           (Signature)                                      (Signature)

        Robert Denney _____
        (Please Print Name)                                 (Please Print Name)

Date _____ Time _____      Date _____ Time _____

Address __72120 Jolon Road, Bradley, California 93426_____

---

**Information Regarding Real Estate Licensees Acting As Agents in This Transaction:**

Selling Broker _____    DRE License # _____

By _____    License # _____    Date _____
  (Real Estate Agent for Buyer)

Address _____    City/State/Zip _____

Telephone _____ Fax _____    E-Mail _____

Listing Broker ___International Wine Associates___    DRE License # ___01426146___

By _____    License # ___01426146___    Date ___10/17/2010___
  (Real Estate Agent for Seller)    Sally O'Neil Nicholson

Address ___P.O. Box 1330___    City/State/Zip ___Healdsburg, CA 95448___

Telephone ___707-433-8122___ Fax ___707-433-7519___    E-Mail ___sally@intlwine.com___

Note that neither the Real Estate Brokers nor the Real Estate Agents are parties to the Purchase Agreement between the Buyer and Seller.

---

Rev. by _____
Date _____

**CAUTION:** The copyright laws of the United States forbid the unauthorized reproduction of this form by any means including scanning or computerized formats.

Case: 10-59704   Doc# 52   Filed: 01/14/11   Entered: 01/14/11 16:17:19   Page 18 of 22

# EXHIBIT C



**The Customer Comes First**

Customer Service: 1-877-864-0395

ACCOUNT MANAGEMENT    REPORTING    HOME    LOGOUT

| ALERTS | ACCOUNT PROFILE | USER PROFILE | PREFERENCES | HELP

## ▷ Loan Account Detail as of 01/04/2011

**Account** | Denney Farms, a CA Ltd Ptns. / 0005248965 / 8279055101 / Operating

**Date** 09/17/2010 to 01/05/2011 **VIEW**

### > Account Details - 0005248965 / 8279055101 - Denney Farms, a CA Ltd Ptns.

| | | | |
|---|---|---|---|
| Principal: | 599,859.01 | Max Disbursement Amt: | 589,688.26 |
| Accrued Interest: | 1,417.48 | Available Commitment: | 589,688.26 |
| Principal & Interest: | 601,276.49 | | |
| Interest Rate: | 5.750000 | Oldest Payment Date Due: | 05/01/2010 |
| Per Diem: | 94.50 | Total Payment Amount Due: | 529,245.03 |
| YTD Interest Paid: | 0.00 | Next Payment Date Due: | 05/01/2010 |
| Prior Year Interest Paid: | 38,719.05 | Estimated Next Total Amount Due: | 529,245.03 |
| Maturity Date: | 05/10/2011 | | |

### > Account History - Transactions between 09/17/2010 and 01/05/2011

| Effective Date | Posting Date | Transaction Description | Tran Amount | Other Amount | Interest Amount | Principal Amount | Principal Balance |
|---|---|---|---|---|---|---|---|
| 12/21/2010 | 12/21/2010 | Scheid | -1,607.29 | 0.00 | -1,607.29 | 0.00 | 599,859.01 |
| 12/21/2010 | 12/21/2010 | Scheid | -128,912.71 | 0.00 | 0.00 | -128,912.71 | 599,859.01 |
| 12/07/2010 | 12/07/2010 | Denney Farms | -138.04 | 0.00 | -138.04 | 0.00 | 728,771.72 |
| 12/07/2010 | 12/07/2010 | Denney Farms | -147,454.11 | 0.00 | 0.00 | -147,454.11 | 728,771.72 |
| 12/06/2010 | 12/06/2010 | R. Hall | -1,987.17 | 0.00 | -1,987.17 | 0.00 | 876,225.83 |
| 12/06/2010 | 12/06/2010 | R. Hall | -24,791.34 | 0.00 | 0.00 | -24,791.34 | 876,225.83 |
| 11/22/2010 | 11/22/2010 | Interest payment | -869.82 | 0.00 | -869.82 | 0.00 | 901,017.17 |
| 11/22/2010 | 11/22/2010 | Principal payment | -19,225.93 | 0.00 | 0.00 | -19,225.93 | 901,017.17 |
| 11/16/2010 | 11/16/2010 | ParagonVynd | -145.09 | 0.00 | -145.09 | 0.00 | 920,243.10 |
| 11/16/2010 | 11/16/2010 | ParagonVynd | -777.68 | 0.00 | 0.00 | -777.68 | 920,243.10 |
| 11/15/2010 | 11/15/2010 | Wine Group | -4,050.42 | 0.00 | -4,050.42 | 0.00 | 921,020.78 |
| 11/15/2010 | 11/15/2010 | Wine Group | -268,526.49 | 0.00 | 0.00 | -268,526.49 | 921,020.78 |
| 11/09/2010 | 11/09/2010 | RobertsViney | 211,967.00 | 0.00 | 0.00 | 211,967.00 | 1,189,547.27 |
| 10/21/2010 | 10/21/2010 | RoyalWineCor | -5,865.48 | 0.00 | -5,865.48 | 0.00 | 977,580.27 |
| 10/21/2010 | 10/21/2010 | RoyalWineCor | -57,962.62 | 0.00 | 0.00 | -57,962.62 | 977,580.27 |

**EXPORT**

**BACK**

farmcreditwest.com | Contact Us | Security/Privacy | Technical Requirements | Online Banking Agreement | UPDATES



Farm Credit West is an equal housing lender.
Farm Credit West is an equal credit opportunity lender.

Case: 10-59704    Doc# 52    Filed: 01/14/11    Entered: 01/14/11 16:17:19    Page 20 of 22

# CERTIFICATE OF SERVICE

I am employed in the County of Monterey, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 295 S Main Street, Suite 600, Salinas, CA 93901

On the date set forth below, I caused the following document(s) entitled:

**1.    NOTICE OF MOTION AND MOTION TO EXTEND DEBTOR'S EXCLUSIVITY PERIOD TO FILE A PLAN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF PAUL W. MONCRIEF THEREOF**

To be served on the party(ies) or its (their) attorney(s) of record in this action listed below by the following means:

XX    (**BY MAIL**)  By placing each envelope (with postage affixed thereto) in the U.S. Mail at Johnson & Moncrief, PLC, 295 S Main Street, Suite 600, Salinas, California. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

_____    (**BY HAND-DELIVERY**)  By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

_____    (**BY OVERNIGHT DELIVERY**)  By placing with Federal Express and/or UPS a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Johnson & Moncrief, PLC at the address(es) shown below.

_____    (**BY FACSIMILE TRANSMISSION**)  By transmitting a true copy thereof by facsimile transmission  from facsimile number (831) 759-0902 to interested party(ies) of their attorney of record to said action at the facsimile number(s) shown below.

addressed as follows:

| | |
|---|---|
| Farm Credit West<br>Rene Lastreto, II<br>Lang, Richert & Patch<br>P.O. Box 40012<br>Fresno, CA 93755 | Office of the U.S. Trustee/SJ<br>U.S. Federal Bldg.<br>280 S. 1st Street #268<br>San Jose, CA 95113-3004 |
| Chris Brumfield, Esq.<br>VP & General Counsel for Farm Credit West<br>1478 Stone Point Dr., Suite 450<br>Roseville, CA 95661 | Farm Credit West<br>Attn: James Meeley<br>P.O. Box 631<br>Visalia, CA 93279 |
| Farm Credit West<br>P.O. Box 631<br>Visalia, CA 93279 | CA Employment Development Dept. Bankruptcy<br>Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280−0001 |
| CA Franchise Tax Board<br>Attn: Special Procedures<br>P.O. Box 2952<br>Sacramento, CA 95812−2952 | Franchise Tax Board<br>P.O. Box 942857<br>Sacramento, CA 94240 |

| | |
|---|---|
| Secretary of The Treasury<br>15th and Pennsylvania Ave.<br>NW Washington, DC 20220−0001 | Internal Revenue Service<br>ACS Support − STOP 813G<br>P.O. Box 145566<br>Cincinnati, OH 45250 |
| IRS<br>Centralized Insolvency Operations<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Internal Revenue Service<br>Ogden, UT 84201−0039 |
| Internal Revenue Service<br>P O Box 21126<br>Philadelphia, P A 19114 | State Board of Equalization<br>Attn: Special Procedures Section, MIC:55<br>P.O. Box 942879<br>Sacramento, CA 94279 |
| Castoro Cellars<br>6465 Von Dollen Road<br>San Miguel, CA 93451 | Courtside Cellars LLC<br>4910 Edna Road<br>San Luis Obispo, CA 93401 |
| Hahn Estates<br>P.O. Drawer C<br>Soledad, CA 93960 | Hames Valley Vineyards, Inc.<br>72120 Jolon Road<br>Bradley, CA 93426 |
| Herzog Wine Cellars<br>3201 Camino Del Sol<br>Oxnard, CA 93030 | Delicato Vineyards<br>12001 South Highway 99<br>Manteca, CA 95336 |
| E.T. Caulk Educational Trust<br>Shelley B. Denney Trustee<br>264 W. 14th Street<br>San Bernardino, CA 92405 | International Wine Associates<br>P.O. Box 1330<br>Healdsburg, CA 95448 |
| Lang, Richert &Patch<br>5200 North Palm, Suite 401<br>Fresno, CA 93704 | MONTEREY COUNTY TAX COLLECTOR<br>168 W. Alisal Street 1st Floor<br>Salinas, CA 93901 |
| MONTEREY COUNTY TAX COLLECTOR<br>P O BOX 891<br>SALINAS, CA 93902 | Robert H. Denney, Jr.<br>72120 Jolon Road<br>Bradley, CA 93426 |
| Robert Hall Winery LLC<br>3443 Mill Road<br>Paso Robles, CA 93446 | Scheid Vineyards<br>305 Hilltown Road<br>Salinas, CA 93908 |
| The Rev. Shelley Denney<br>264 W. 14th Street<br>San Bernardino, CA 92405 | The Wine Group<br>P.O. Box 897<br>Ripon, CA 95366 |
| Turrentine Brokerage<br>7599 Redwood Boulevard Suite 103<br>Novato, CA 94945 | Venoco<br>6267 Carpinteria Avenue Suite 100 Carpinteria,<br>CA 93013 |

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 14, 2011, in Salinas, California.

Kelli Stokes

Certificate of Service

In re Denney Farms, a California Limited Partnership
Case No. 10-59704