4

1  René Lastreto, II, #100993
   rl2@lrplaw.net
2  Vanessa M. Boehm, #261972
   vmb@lrplaw.net
3  Lang, Richert & Patch
   Post Office Box 40012
4  Fresno, California 93755-0012
   (559) 228-6700 Phone
5  (559) 228-6727 Fax
   M:\19435\Pleadings\Opp- Ext. Exclusivity.wpd:rp
6

7  Attorneys for Secured Creditor FARM CREDIT WEST PCA; FARM CREDIT WEST FLCA

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the Matter of<br><br>DENNEY FARMS, a California Limited Partnership,<br><br>Debtor | Case No. 10-59704<br><br>Chapter 11<br><br>Hearing Date: March 1, 2011<br>Hearing Time: 1:45 p.m.<br>Dept:         Courtroom 3020<br>              280 South First Street<br>              San Jose, CA 95113<br><br><u>HONORABLE ARTHUR S. WEISSBRODT</u> |

**OPPOSITION OF FARM CREDIT WEST PCA AND FARM CREDIT WEST FLCA TO MOTION TO EXTEND DEBTOR'S EXCLUSIVITY PERIOD TO FILE A PLAN**

TO: THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

Farm Credit West, FLCA and Farm Credit West, PCA (collectively "FCW") oppose the Motion to Extend Debtor's Exclusivity Period to File a Plan filed by Denney Farms ("Debtor") on January 14, 2011.

**I.     Background**

FCW is a secured creditor of Debtor. Debtor has a long history of financial difficulty and FCW has provided financial accommodations to Debtor for many years. At present, FLCA has a first deed of trust and PCA has a third deed of trust on 1,080.36 acres located in southern Monterey

---

Opposition to Debtor's Motion to Extend Exclusivity   -1-
to File a Plan

County, California. The foreclosure sale on this property was scheduled for September 21, 2010, however, this sale did not take place due to Debtor's bankruptcy filing on September 17, 2010. The foreclosure process is now subject to the automatic stay. FCW has filed a Motion for Relief from Automatic Stay which is currently set for a continued preliminary hearing on February 22, 2011.

## II. Failure to show "cause" for the requested extension

The instant Motion may be granted for "cause" after notice and a hearing. 11 U.S.C. section 1121(d). The burden of proof is on the Debtor to demonstrate that the requisite "cause" exists. In re R.G. Pharmacy, Inc., 374 B.R. 484 (Bankr. D. Conn. 2007); In re Southwest Oil Co. of Jourdantown, 84 B.R. 448 (Bankr. W.D. Tex. 1987). A court considering a motion to extend the exclusivity period "should not routinely grant an extension." Southwest Oil Co. of Jourdantown, at 448.

In this case, Debtor's Motion fails to provide why the requested extension of the exclusivity period is justified. Debtor merely states that it requires "sufficient time to negotiation [sic] a proper reorganization plan and prepare adequate financial information to support such a plan;" that Debtor has been "faithfully working towards creation of a plan, but has encountered a number of unexpected circumstances...;" and that Debtor is "facing a motion for relief from stay" from FCW. None of the foregoing is unexpected or unusual and does not distinguish this case from most other Chapter 11 cases. The foregoing reasons do not constitute the requisite "cause" required for the instant Motion to be granted.

### A. Size and complexity of the case do not warrant the requested extension

This is not an unusually large or complex case sufficient to warrant an extension of the exclusivity period. Here, we have a relatively straightforward case involving few assets and few creditors. Debtor has few secured and unsecured creditors, with FCW being Debtor's largest secured creditor. The small number of creditors would not have made formulation of a Chapter 11 Plan unusually complex or time consuming. It is unclear why Debtor has failed to negotiate a reorganization plan and provide adequate information in a timely fashion, as neither the size nor complexity of this case has limited Debtor's opportunity to prepare a Chapter 11 Plan.

///

### B. Debtor's failure to progress toward the creation of a Chapter 11 Plan

Debtor has made its intentions regarding the debt owed to FCW very clear. Debtor has been clear that it does not intend to continue under the terms of the loans with FCW and intends to sell the real property collateral which is the subject of the Deeds of Trust and security agreements in favor of FCW. Proceeds from the sale will be used to pay the debt owed to FCW. This is a liquidation case and confirmation of a Chapter 11 Plan is not Debtor's intention.

Debtor's intention to sell the subject property is problematic in that there is no indication that a sale of the real property will take place in the near future. An offer of $10,000,000.00, financed at 100% of the purchase price at 2.5% for ten (10) years interest-only was not accepted by FCW. This purchaser later offered an interest rate of 3.25%. FCW would not accept this offer, as it was below market rate and terms. FCW was willing to provide a conforming loan at 65-70% "Loan-to-Value." Under these terms, the buyer was willing to purchase the property at $8,000,000.00. This offer did not progress. The Debtor, not FCW, is the only party that is in a position to negotiate the sale price.

Debtor's position in its Opposition to FCW's Motion for Relief from Automatic Stay attempts to paint the picture that FCW has been unresponsive or has unreasonably denied financing. FCW was unwilling to agree to certain financing terms, specifically the proposed interest rates, as both of above-referenced interest rates requested by the purchaser are below the market rate. Further, both requested interest rates are below FCW's costs of funds, as FCW is unable to obtain funds at the rates requested by the purchaser.

While FCW is unwilling to agree to certain financing terms, namely a below market rate loan at interest only payments over a period of time, this should not keep the potential purchaser and Debtor from seeking financing from another lender in the open market. Unfortunately, Debtor and purchaser have been unable to secure the desired financing from any lender and there is no indication that such a financing arrangement would be attainable in the open market. It is not foreseeable that any lender would agree to such financing terms in this current market, as both of the above-referenced interest rates requested by the purchaser are below the market rate and the likely cost of funds.

Debtor has failed to successfully progress towards creation of a Chapter 11 Plan. Debtor should not be permitted to delay this case any further, using the excuse that FCW has been an impediment to progress. Debtor has not provided any evidence to support its contention that "cause" exists under 11 U.S.C. section 1121 and the instant Motion should therefore be denied.

### C. No evidence of "unexpected circumstances"

Debtor references "unexpected circumstances" as a basis for its Motion. It is unclear what "circumstances" Debtor is referring to.

Specifically, it is not unexpected that FCW would be unwilling agree to the sale of the property on the terms referenced above. Also, it is not unexpected that FCW would file a Motion for Relief from Automatic Stay to proceed with and conclude foreclosure on the real property.

The requirements of 11 U.S.C section 1121 are not met by Debtor's assertion that "unexpected circumstances" warrant the instant Motion.

### D. No prejudice to Debtor

Denial of the instant Motion will not prejudice Debtor's ability to file a Chapter 11 Plan. Southwest Oil Co, 84 B.R. at 452 ("The fact that the debtors no longer have the *exclusive* right to file a plan does not affect their concurrent right to file a plan.")(emphasis in original). FCW does not dispute that Debtor does have a right to file a Chapter 11 Plan and only seeks to protect its own interests as the largest secured creditor.

## III. Conclusion

For each of the reasons set forth above, Debtor has failed to demonstrate the requisite "cause." FCW respectfully requests that this Court deny Debtor's Motion in its entirety.

Dated: February 10, 2011

LANG, RICHERT & PATCH, P.C.

By _____
Vanessa M. Boehm, Attorneys for
FARM CREDIT WEST, FLCA;
FARM CREDIT WEST, PCA

Opposition to Debtor's Motion to Extend Exclusivity to File a Plan -4-